JAMES H. SWART, Respondent, *v.* CHARLES RICKARD, Appellant.

1. APPEAL — ABSENCE OF ORDER. In the absence of an order denying a motion for a new trial, none of the questions raised upon such a motion can be reviewed on appeal.

2. FALSE IMPRISONMENT — SUFFICIENCY OF CRIMINAL DEPOSITION. If the facts and circumstances stated in the deposition upon which a criminal warrant is issued show that a crime has been committed, and are sufficient to call for the judicial determination of the magistrate as to whether there is reasonable ground to believe that the accused committed the crime charged, the prosecutor will be protected against an action for false imprisonment, although the magistrate may have erred in judgment.

3. FALSE IMPRISONMENT — CRIMINAL DEPOSITION — BURGLARY — MEANING OF "PROWL." In an action to recover damages for false imprisonment it appeared that the warrant on which the plaintiff was arrested was issued upon a deposition made by the defendant, which, after stating facts showing the commission of a burglary in the night-time, stated that the deponent believed the offense was committed by the accused from the fact that at about the time of its commission the accused was "prowling" around the premises. *Held*, that, giving to the word "prowl" the full effect of its general meaning, viz., "to rove or wander stealthily, as one in search of plunder," the statement of facts was sufficient to justify the magistrate in determining that there was reasonable ground to believe the accused guilty of the crime charged; that, consequently, the deposition gave the magistrate jurisdiction to issue the warrant; that the warrant was a protection to the defendant, and that the action for false imprisonment could not be maintained.

4. CONSTRUCTION OF CRIMINAL DEPOSITION. Great latitude of construction should be indulged in, in determining the sufficiency of a criminal deposition, when the proceeding based thereon is attacked collaterally, as in an action for false imprisonment.

*Swart* v. *Rickard* (74 Hun, 339), reversed.

(Argued January 10, 1896; decided January 21, 1896.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 6, 1893, which reversed, upon a question of law only, a judgment in favor of defendant entered upon a verdict and granted a new trial.

The complaint contained two counts or causes of action, one for false imprisonment and the other for malicious prosecution. Both were based upon and alleged to have arisen out of the same transaction. The answer contained a general denial and allegations of certain facts and circumstances which were set up both as a complete and as a partial defense to the action.

On the trial at the close of the evidence the court decided that, so far as the action was for false imprisonment it could not be maintained, but submitted it to the jury as an action for malicious prosecution. To this ruling the plaintiff excepted. The verdict was for the defendant. On appeal to the General Term the judgment was reversed and a new trial granted.

While the appeal book contains a statement that the defendant moved for a new trial on the minutes, upon the exceptions and because the verdict was contrary to the evidence, and that the motion was denied, yet no order denying the plaintiff's motion is contained in the record, and there is nothing to show the entry of any such order, but it is practically admitted that none was entered. The notice of appeal was in form an appeal from an order denying a motion for a new trial as well as from the judgment. The order of reversal by the General Term shows affirmatively that the appeal from the order was not considered or decided by that court, and that the judgment was reversed upon the sole ground that the trial court erred in refusing to submit the case to the jury as an action for false imprisonment.

*Z. S. Westbrook* for appellant. The justice of the peace had jurisdiction of the offense charged to take the complaint and issue the warrant, and no action for false imprisonment will lie for his acts, though he may have erred. (*Von Latham*

v. *Libby*, 38 Barb. 339; *Pratt* v. *Bogardus*, 49 Barb. 89; *Gardner* v. *Bain*, 5 Lans. 256; *Lewis* v. *Rose*, 6 Lans. 206; Pollock on Torts, 191; *Marks* v. *Townsend*, 97 N. Y. 590; *Fischer* v. *Langbein*, 103 N. Y. 84; *Lange* v. *Benedict*, 73 N. Y. 35; *Beaty* v. *Perkins*, 6 Wend. 382; Code Civ. Pro. §§ 145, 148, 149, 150.) No order denying motion for new trial on the minutes was entered, and plaintiff was precluded from reviewing any question of fact. (*Richardson* v. *Hartmann*, 68 Hun, 9; *Zapp* v. *Miller*, 109 N. Y. 56; *Maas* v. *Ellis*, 12 Civ. Pro. Rep. 323; *Jagau* v. *Goetz*, 11 Misc. Rep. 381.) No request to direct a verdict or to charge was made by plaintiff; therefore, no question could be raised as to the sufficiency of the evidence to sustain the verdict. (*Richardson* v. *Hartmann*, 68 Hun, 9; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 628.) The plaintiff waived his cause of action for false imprisonment by going to the jury on the count upon the same facts for malicious prosecution. (*Stewart* v. *Huntington*, 16 N. Y. S. R. 112; *Nebenzahl* v. *Townsend*, 61 How. Pr. 353, 356; *Thorn* v. *Turch*, 13 Wkly. Dig. 550; *Hughes* v. *V. C. M. Co.*, 7 Hun, 677; 72 N. Y. 207; *Rodermund* v. *Clark*, 46 N. Y. 354; *Boots* v. *Ferguson*, 46 Hun, 129; *Riley* v. *Albany Savings Bank*, 36 Hun, 513; 103 N. Y. 669; *Thompson* v. *Fuller*, 28 N. Y. S. R. 4; *Terry* v. *Munger*, 121 N. Y. 161.)

*R. B. Fish* for respondent. The affidavit upon which the warrant was issued was not sufficient to confer upon the magistrate jurisdiction of the plaintiff's person. Some evidence of guilt of the person charged with a crime is necessary to authorize the issuing of a warrant of arrest. (Code Crim. Pro. §§ 148–150.) Magistrates have, by law, general jurisdiction of crimes committed within their counties; but there is no such thing as a general jurisdiction of the person. That must be acquired by process lawfully issued. (*Fischer* v. *Langbein*, 103 N. Y. 84; *Vredenburg* v. *Hendricks*, 17 Barb. 179; *Miller* v. *Brinkerhoff*, 4 Den. 118; *Comfort* v. *Fulton*, 39 Barb. 56; *Loomis* v. *Render*, 41 Hun, 268; *Blodgett* v. *Race*,

18 Hun, 132; *Devoe* v. *Davis*, 12 Wkly. Dig. 544; *Tracy* v. *Seamans*, 7 N. Y. S. R. 144; *Potter* v. *Ogden*, 136 N. Y. 396; *Hewitt* v. *Newburger*, 141 N. Y. 538.) The provisions of the Criminal Code require evidence of guilt to authorize the issue of a warrant of arrest. (Code Crim. Pro. § 148; *In re Blum*, 9 Misc. Rep. 572.) But, if the rule which has become established in attachment cases is held to apply, still the affidavit is clearly insufficient. (*Buell* v. *Van Camp*, 119 N. Y. 165; *Murphy* v. *Jack*, 142 N. Y. 215.) The learned justice, upon the trial, erred in holding that the plaintiff could not recover for false imprisonment, and in limiting him to the cause of action for malicious prosecution. (*Train* v. *H. P. Co.*, 62 N. Y. 598; *Trustees, etc.*, v. *Kirk*, 68 N. Y. 459; *Barr* v. *Shaw*, 10 Hun, 580; *Velie* v. *N. C. Ins. Co.*, 12 Abb. [N. C.] 309; *Neil* v. *Thorn*, 88 N. Y. 270; *Mayo* v. *Knowlton*, 29 Abb. [N. C.] 210; *Starin* v. *People*, 45 N. Y. 333.)

MARTIN, J.   As no order denying the plaintiff's motion for a new trial was entered or is contained in the record, none of the questions sought to be raised by that motion was presented to the General Term, and the absence of such an order is not supplied by the recital in the record that such a motion was made, nor by the notice of appeal, which states that an appeal was taken from the order as well as from the judgment. (*Richardson* v. *Hartmann*, 68 Hun, 9; *Maas* v. *Ellis*, 12 N. Y. Civ. Pro. Rep. 323; *Jagau* v. *Goetz*, 11 Misc. R. 381; *Bradley Fertilizer Co.* v. *South Publishing Co.*, 4 Misc. R. 172; *Zapp* v. *Miller*, 109 N. Y. 51, 56.) Hence, the only question before that court arose upon the exception to the ruling of the trial court refusing to submit the action to the jury as one for false imprisonment.

The plaintiff was arrested upon a warrant issued by a justice of the peace charging him with the crime of burglary and larceny. The complaint or deposition, in pursuance of which the warrant was issued, was made by the defendant. If it was sufficient to give the justice jurisdic-

tion, then confessedly the defendant was not liable for false imprisonment. The Code of Criminal Procedure provides that the deposition upon which a warrant may issue, "must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant." (§ 149.) "If the magistrate be satisfied therefrom, that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest." (§ 150.) That it was sufficiently stated in the deposition that a crime had been committed, is not controverted. The respondent's contention is that the facts set forth did not tend to establish the guilt of the plaintiff, and, therefore, were insufficient to afford a reasonable ground for the justice to believe that the respondent had committed the offense. After the facts showing the commission of the crime were stated, it was stated in the deposition that "Deponent believes and has reason to believe that said store was broken into and burglarized by James H. Swart and Wallace Van Evera and another, from the fact that said parties were about that time, *i. e.*, after one o'clock that night prowling around, and near the premises." If the facts and circumstances stated in this deposition were sufficient to call for the judicial determination of the justice as to whether there was reasonable ground to believe that the plaintiff had committed the offense, then the defendant was protected, although the magistrate may have erred in judgment. Therefore, the precise question to be determined is whether the deposition tended to establish the guilt of the plaintiff. The facts stated in the deposition are to the effect that the offense of burglary was committed by breaking into the defendant's store in the night time, and that about the time of the commission of the offense the plaintiff and others were prowling around and near the premises.

The general definition of the word "prowl" is : "To rove or wander over in a stealthy manner; to collect by plunder; to rove or wander stealthily, as one in search of plunder."

When we give full effect to this word, and accord to it its. general meaning, it becomes quite clear that the deposition was sufficient. It disclosed that an offense had been committed; that it was committed in the night, and that at or near the time of its commission the plaintiff was roving stealthily around the premises in search of prey or plunder. We think this statement of facts was sufficient to justify the magistrate in determining that there was reasonable ground to believe that the plaintiff was guilty of the crime charged. In determining the sufficiency of this deposition, it should be borne in mind that the proceeding before the justice is attacked collaterally, and, therefore, that great latitude of construction should be indulged in. (*Pratt* v. *Bogardus,* 49 Barb. 89, 91.)

The case of *Blodgett* v. *Race* (18 Hun, 132), and similar cases cited by the respondent, are to the effect that an affidavit or complaint, upon which a warrant of arrest is issued, made upon information and belief only, or upon hearsay, or mere suspicion, is insufficient to confer jurisdiction upon a magistrate as to the person of a defendant, and that a warrant issued without such jurisdiction affords no protection against a charge of illegal arrest. The cases referred to are clearly distinguishable from this, and are not in conflict with the conclusion we have reached. In those cases no facts were stated. In this the deposition contained a statement of facts which was sufficient to call upon the magistrate for judicial consideration and determination, and tended to prove the guilt of the respondent.

We are of the opinion that the deposition was sufficient to give the magistrate jurisdiction to issue the warrant under which the plaintiff was arrested; that the warrant when issued was a protection to the defendant, and that an action for false imprisonment could not be properly maintained.

The judgment of the General Term should be reversed and the judgment of the trial court affirmed, with costs in all the courts.

All concur.

Judgment accordingly.