## PEOPLE v. CRAMER.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. INTOXICATING LIQUORS—COMPLAINT—ALLEGATIONS ON INFORMATION AND BELIEF.

A complaint for a warrant of arrest for selling spirituous liquor without a license, alleging such unlawful sale on information and belief only, is insufficient.

2. SAME—SUFFICIENCY OF AFFIDAVIT.

An affidavit in support of a warrant of arrest for selling liquor without a license, alleging that affiant went into defendant's place and drank several glasses of liquor, and that such drink made him intoxicated, and that it was the only time within several years that he had been in there to "get anything to drink," is sufficient to support the warrant.

3. SAME—ALLEGATIONS AS TO SALE.

The allegation that it was the first time in several years that affiant had been in defendant's place "to get anything to drink" imports that he bought the liquor, and is sufficient as an allegation that the drinks were sold.

**4. SAME—PLACE OF SALE.**
An allegation that the liquor was sold in a certain town is sufficient to show. that the sale was within the county in which the town was located.

**5. SAME—LICENSE.**
An allegation, on information and belief, that defendant did not have a license to sell liquor, is sufficient, without proof, to justify the issue of a warrant.

Appeal from Schuyler county court.

Information against Michael Cramer for selling spirituous liquor without a license. From a judgment of the Schuyler county court, affirming a judgment of the court of special sessions adjudging defendant guilty of the offense, he appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John A. Milne, for appellant.
Olin T. Nye, Dist. Atty., for the People.

PARKER, P. J. The question whether the information upon which the warrant of arrest in this case was issued was sufficient to give the magistrate jurisdiction to issue the same, was distinctly raised by the defendant before proceeding to trial, and his motion to be discharged from arrest on that ground was denied. It is claimed that for such reason this judgment must be reversed. The affidavit of Sackett is entirely upon information and belief; not a single fact is stated as a reason for his belief, nor anything indicating from whence his information came. It amounts to no more than a statement to the magistrate that he had been told by some one that defendant had sold spirituous liquors, without a license, on December 14, 1895, in quantities less than five gallons. Manifestly from such a statement the magistrate acquired no authority to order the defendant's arrest. In Blodgett v. Race, 18 Hun, 133, it is said that "facts and circumstances stated on information and belief only, without giving any sufficient grounds on which to base the belief, are insufficient to confer jurisdiction as to the person. The magistrate must have evidence of probable cause, both as to the commission of the offense and as to the guilt of the offender, before he can cause the arrest." A general assertion of a fact in an affidavit upon information and belief proves nothing. Mowry v. Sanborn, 65 N. Y. 584. See, also, People v. Pratt, 22 Hun, 300–302. But the affidavit of Leonard, made at the same time, must be read in connection with it. In that affidavit Leonard substantially states that he went into Cramer's "place" on December 14, 1895, and there drank seven or eight glasses of what he calls wine and whisky mixed, and that such drink made him intoxicated. This clearly establishes the drinking of intoxicating liquors on Cramer's premises. True, he does not say that such liquors were sold to him, or to any other person, and it is the sale that is the essence of the crime,—a gift of such liquors would not be criminal. But Leonard in the affidavit further says that was the only time within two years that he had been in there to get anything to drink. This indicates, not only that it was a place where one could go and get drinks, but that on

this occasion he himself went there to get the drinks. Now, a place where one goes to get intoxicating liquors to drink is usually a place where they are kept for sale. It is not an unreasonable inference that if one gets seven or eight such drinks at such a place they were sold, and not given, to him; and the question is presented whether such facts were not "sufficient to call for the judicial determination of the justice" as to whether or not such drinks were sold. If sold (without a license) defendant had committed the crime charged, and, in my opinion, the facts sworn to by Leonard tended to establish a sale of the drinks. It is not necessary that the facts before the magistrate be sufficient to convict. If they are facts which point towards the commission of the crime, and tend to a conviction, they are sufficient to give the magistrate jurisdiction. Swart v. Rickard, 148 N. Y. 264–268, 42 N. E. 665.

The further criticism is made that it does not appear that Cramer's place, where the drinking occurred, was within the county of Schuyler. Sackett's affidavit I think sufficiently states that. It states that, being in the town of Hector, Cramer did sell, etc., as deponent is informed and believes. The information and belief refers to what Cramer did, not as to where he resided.

It is further objected that there was no evidence before the justice that defendant did not have a license. The charge that he did not have one is made on information and belief. Inasmuch as upon trial no proof is required upon the part of the people that defendant did not have a license, it would seem that no better proof is required before the magistrate to give him jurisdiction to arrest. People v. Nyce, 34 Hun, 298. I conclude, therefore, that the information upon which the warrant issued was sufficient to give the justice jurisdiction, and therefore the motion to discharge from arrest was properly denied. No error is shown, and the judgment of the county court should therefore be affirmed. All concur.