(63 App. Div. 396.)

## McKELVEY v. MARSH.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. FALSE IMPRISONMENT—INFORMATION—DEPOSITION—SUFFICIENCY—HEARSAY—JURISDICTION.

Under Code Cr. Proc. § 149, providing that the depositions taken by a magistrate in support of an information must set forth the facts tending to establish the commission of the crime and the guilt of the defendant, deposition founded merely on information derived from the sworn statement of a third person, which statement was not included in the deposition, was insufficient to give a magistrate jurisdiction to issue a warrant for the arrest of the person charged.

2. SAME—LIABILITY OF MAGISTRATE.

Where a magistrate on a deposition insufficient to give jurisdiction issues a warrant for the arrest of a person, he is liable, in an action for false imprisonment, for damages occasioned by the arrest.

3. SAME—DAMAGES.

Where plaintiff was arrested on a charge of felony on an unlawful warrant, imprisoned seven hours, and compelled to remove her clothing, for purposes of search, in a room where she was exposed to the gaze of passers-by, a verdict of $800 damages was not excessive.

Appeal from trial term, Richmond county.

Action by Ella B. McKelvey against Nathaniel Marsh. From an order of the supreme court setting aside a verdict in favor of plaintiff, and granting a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Howard R. Bayne, for appellant.

S. F. Rawson, for respondent.

HIRSCHBERG, J. The plaintiff sues to recover damages for false imprisonment because of her arrest and incarceration, pursuant to a warrant issued by the defendant, a city magistrate of the borough of Richmond, on a charge of arson in the first degree. The case was tried at the Richmond circuit, and resulted in a verdict for the plaintiff, under instructions to the jury that the information upon which the warrant was issued was insufficient to confer jurisdiction. On the motion for a new trial upon the minutes, the learned trial justice concluded that the complaint or deposition was valid; that the omission of the word "willful" in charging the offense was immaterial, inasmuch as the appropriate section of the Penal Code was distinctly alleged to have been violated; that the deposition sufficiently stated facts tending to prove the commission of the crime; and that, if the magistrate made a mistake in determining the sufficiency of the complaint, such mistake did not render him liable to an action for false imprisonment.

The authority of the magistrate can be found only in the provisions of sections 148–150 of the Code of Criminal Procedure. It is not claimed that he has jurisdiction to arrest at will, but only on compliance with the requirements of these sections.

Section 148 provides that:

"When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses, he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

Section 149 provides that:

"The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant."

And section 150 provides that:

"If the magistrate be satisfied therefrom, that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

In Swart v. Rickard, 148 N. Y. 264, 42 N. E. 665, the court of appeals held that great latitude of construction should be indulged in, in determining the sufficiency of a criminal deposition, when the proceeding based thereon is attacked collaterally, as in an action for false imprisonment. In that case it was not controverted that the commission of the crime of burglary was sufficiently stated in the deposition, and the allegation to the effect that the accused were at that time "prowling" around near the premises was held to be a statement of fact sufficient to justify the magistrate in determining that there was reasonable ground to believe them guilty of the crime charged. It has been repeatedly held, however, that some fact or circumstance must appear tending to establish the guilt of the accused, and that an allegation based on information and belief is insufficient. Tracy v. Seamans, 7 N. Y. St. Rep. 144; Jones v. Farrington (Sup.) 5 N. Y. Supp. 209; Warner v. Perry, 14 Hun, 337;

Blodgett v. Race, 18 Hun, 132; People v. Pratt, 22 Hun, 300; Loomis v. Render, 41 Hun, 268; People v. Olmsted, 74 Hun, 323, 26 N. Y. Supp. 818; Comfort v. Fulton, 39 Barb. 56; People v. Cramer, 22 App. Div. 189, 47 N. Y. Supp. 1039; Hewitt v. Newburger, 141 N. Y. 538, 36 N. E. 593. The decision in Swart v. Rickard, supra, in no respect impairs the doctrine of these cases. On the contrary, Judge Martin said (page 269, 148 N. Y., and page 666, 42 N. E.):

"The case of Blodgett v. Race, 18 Hun, 132, and similar cases cited by the respondent, are to the effect that an affidavit or complaint upon which a warrant of arrest is issued, made upon information and belief only, or upon hearsay, or mere suspicion, is insufficient to confer jurisdiction upon a magistrate as to the person of a defendant, and that a warrant issued without such jurisdiction affords no protection against a charge of illegal arrest. The cases referred to are clearly distinguishable from this, and are not in conflict with the conclusion we have reached. In those cases no facts were stated. In this the deposition contained a statement of facts which was sufficient to call upon the magistrate for judicial consideration and determination, and tended to prove the guilt of the respondent."

Indulging in the widest latitude of construction consistent with the maintenance of a judicial attitude, it would still seem impossible to find in the deposition in this case the statement of any fact in any degree tending to prove the plaintiff's guilt. This deposition is confessedly made upon information only, and is as follows:

"Peter Seery, of No. 157 East 67th Str., B. of M. (avenue) street, aged years, occupation fire marshal, being duly sworn, deposes and says, that on the 27th day of December, 1898, in the borough of Richmond, in the city of New York and county of Richmond, at Grant City, one Ellen B. McKelvey violated section 486 of the Penal Code of the state of New York by setting on fire a certain dwelling located on Washington avenue, Grant City, in the nighttime, in which there was at the time a human being, to wit, one Wonde Lawrence. The information on which this complaint is founded has been received from the said Wonde Lawrence, who in his sworn statement has stated that the said Ellen B. McKelvey had offered to give him (Wonde Lawrence) the sum of one hundred dollars ($100 $^{00}/_{100}$) if he would fire the place. Wherefore deponent prays that said defendant may be apprehended and dealt with according to law."

Here is a deposition which the complainant states is founded on information received from Wonde Lawrence, and that information appears to be confined to a sworn statement, not produced, in which Lawrence is alleged to have stated that the plaintiff offered to give him $100 to fire the place. There is no allegation that the plaintiff did make the offer, but only that Lawrence said so. It may be conceded that the deposition would have been good had it terminated with the positive allegation that the plaintiff had committed the crime charged, in violation of section 486 of the Penal Code. But when to this positive allegation was added a statement indicating that the affiant had no personal knowledge whatever of the occurrence, but was making the charge solely upon information, and that information was exhibited to be mere hearsay, it is plain that there was no real evidence presented to the magistrate upon which a judicial determination could be lawfully predicated, and that he was therefore without jurisdiction to imprison the accused. Had the complaint set forth an investigation conducted by the complainant in his official capacity as fire marshal, with the result stated on in-

formation and belief, a different question might have been presented. But no such suggestion is in the record or on the brief. Nor can it be said, as claimed by the learned counsel for the respondent, that the damages are excessive. Where an innocent woman is arrested on an unlawful warrant, on the charge of the commission of a heinous crime, supported solely upon the allegation that some one told somebody that she once offered another money to do the deed, and she is imprisoned seven hours, and stripped naked before the gaze of strange men, a verdict of $800 for the illegal indignity cannot be said to be excessive.

The order should be reversed, and a. judgment in favor of the plaintiff directed to be entered upon the verdict of the jury.

Order reversed, and judgment in favor of the plaintiff directed to be entered on the verdict, with costs. All concur.