(101 App. Div. 313)

GILBERT v. SATTERLEE et al.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. FALSE IMPRISONMENT—SUFFICIENCY OF INFORMATION.
   In an action for false imprisonment, great latitude should be indulged in determining the sufficiency of the information pursuant to which the imprisonment complained of was made.

2. SAME—LIABILITY OF JUDICIAL OFFICERS—ARREST FOR VIOLATION OF VOID ORDINANCE.
   Sections 184 and 187 of the Town Law (Laws 1898, pp. 1278, 1279, c. 538), authorize town boards to prohibit peddling without a license, and violators of such prohibition are declared guilty of a misdemeanor. A town purported to pass an ordinance in pursuance to this statute, and an information against plaintiff charging him with violating the ordinance was presented to defendant, a magistrate of the town, who thereupon issued a warrant for plaintiff's arrest. On the hearing it appeared that the ordinance was void because it related only to nonresidents, and plaintiff was thereupon discharged. The invalidity of the ordinance in no wise appeared from the face of the information. *Held*, that defendant, having acted judicially and within his jurisdiction in issuing the warrant, could not be made to respond in damages for false imprisonment because of the invalidity of the ordinance under which the prosecution was instituted.

3. SAME—LIABILITY OF COMPLAINANT.
   The complaint being sufficient to give the magistrate jurisdiction, the complainant who presented the same was likewise exempt from liability for false imprisonment, and could be reached, if at all, only in an action for malicious prosecution.

Appeal from Trial Term, Rensselaer County.

Action by Edward Gilbert against John H. Satterlee and another. From a judgment (88 N. Y. Supp. 871) entered upon a nonsuit, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John W. Roddy, for appellant.
James Farrell, for respondents.

HOUGHTON, J. The defendant Satterlee was one of the magistrates of the town of Berlin, in Rensselaer county, and the defendant Nichols presented to him an information alleging that the plaintiff had committed the crime of peddling teas and coffee and other merchandise

in the public streets of the town of Berlin without having obtained a license therefor as required by an ordinance adopted by the town board, and asked that a warrant for plaintiff's arrest be issued, which was thereupon done. By section 184 of the town law (added by Laws 1898, p. 1278, c. 538, and amended by Laws 1899, p. 692, c. 314), town boards of any town are given the power to prohibit, by resolution, hawking and peddling goods such as teas and coffee in public streets or places, or vending of the same from house to house, without a license; and by section 187 (Laws 1898, p. 1279, c. 538) any person so hawking or peddling without a license is declared to be guilty of a misdemeanor. It appeared upon the hearing after the plaintiff's arrest that the resolution or ordinance which the town board of the town of Berlin actually did pass related only to nonresident peddlers, and the plaintiff was thereupon discharged; it being then and now conceded that such ordinance was ineffectual, because it did not relate to all hawkers and peddlers, but only to a particular class, who were non-residents of the town. The plaintiff thereupon brought this action for false imprisonment against the magistrate who issued the warrant, and the complainant who filed the information, and from the direction of a nonsuit by the trial court he takes this appeal.

We think the nonsuit was proper, and that the judgment should be affirmed.

The town board had the power to pass a valid resolution prohibiting peddling without a license, the violation of which would render a person guilty of a misdemeanor. So far as disclosed by the deposition, it had passed such valid resolution, effectual to compel the taking out of a license, and to render a person hawking and peddling without it guilty of a misdemeanor. The magistrate was not then compelled to ascertain if there were defects in the resolution which might render it invalid. That duty would devolve upon him at a later period, when its validity was challenged. The verbiage is not all that could be desired, but, in view of the fact that the rule is that great latitude should be indulged in in determining the sufficiency of an information attacked collaterally (Swart v. Rickard, 148 N. Y. 264, 42 N. E. 665), we are of the opinion that the information upon which the magistrate issued his warrant, by fair interpretation, states that the town board of the town of Berlin had, in pursuance of the authority of the sections of the town law enumerated, passed a valid resolution prohibiting hawking and peddling teas and coffee in the public streets and places of said town, and that the plaintiff, on a specified day, in said town, committed the crime of willfully and maliciously hawking and peddling said articles in the public streets of said town without obtaining a license therefor, and in violation of said sections of the town law and of said resolution.

The defendant Satterlee was a magistrate of the town in which the crime was alleged to have been committed, and hence he had jurisdiction of the subject-matter. The facts stated in the information presented to him were sufficient to give him jurisdiction over the present plaintiff, and to permit him to decide whether he would issue a warrant for his apprehension as a person who had probably committed a crime. Having thus jurisdiction over the subject-matter and the per-

son accused, the magistrate acted judicially, and cannot be held liable for what he did in that capacity, for it has long been the law that no action will lie against a judge acting in a judicial capacity for any error which he may commit in a matter within his jurisdiction. Lange v. Benedict, 73 N. Y. 25, 29 Am. Rep. 80.

Upon the hearing a new fact was developed—that the resolution set forth in the information as valid was in fact invalid, and, this appearing, the magistrate was called up to exercise further judicial action, which he did by discharging the prisoner. The existence of this fact, or the fact that the person accused had committed no crime, did not make the original warrant void or irregular, or render the magistrate liable for having issued it. Marks v. Townsend, 97 N. Y. 590, 596.

The magistrate being thus relieved from liability, the complainant is also relieved, for it is the rule in actions of this character that, if the complaint was sufficient to give the magistrate jurisdiction, then the complainant cannot be held liable for false imprisonment. Swart v. Rickard, 148 N. Y. 264, 267, 42·N. E. 665 ; Marks v. Townsend, supra. The process being valid, the imprisonment could not be false. Where the process of arrest is regular, an accusation false because the person charged has committed no crime, or because the law which he has violated is ineffectual to create a crime, does not render the accuser liable for false imprisonment. If he becomes liable at all, it is for malicious prosecution.

The judgment must be affirmed, with costs. All concur.