SMITH v. BELL & FYFE FOUNDRY CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. FALSE IMPRISONMENT—CIVIL LIABILITY—DEFENSES—JUDICIAL PROCESS.

Where the information or deposition on which a warrant issues presents, even in a slight degree, a question on which the judicial mind is called to act in determining whether a crime has been committed by the person charged, the magistrate has jurisdiction, the warrant is valid, and an action for false imprisonment is not maintainable either against the magistrate or complainant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, §§ 32–42.]

**2. SAME.**

Code Cr. Proc. § 149, requires the deposition on which a warrant may issue to set forth the facts stated by prosecutor and his witnesses tending to establish the commission of the crime by defendant, and section 150 provides that if the magistrate be satisfied therefrom that the crime complained of has been committed, and that there is reasonable ground to believe that defendant committed it, he must issue a warrant. Pen. Code, § 639, subd. 10, provides that a person who willfully destroys or damages, with intent to destroy or render useless, any engine or machine intended for use in trade, shall be punishable as therein prescribed. A deposition made by prosecutor's secretary, and supported, in part, by affidavit of an employé, stated that a person named, willfully and with intent to render useless an electric generator set, shifted a lever on the controller, rendering such motive power incapable of performing its usual functions, in violation of Pen. Code, § 639, subd. 10, and set out declarations of the person named tending to show the malicious character of his act. *Held*, that the facts so presented to the magistrate complied with Code Cr. Proc. §§ 149, 150, and presented a question on which the mind of the magistrate was required to act in determining whether a crime had been committed, and whether there was reasonable ground to believe that the person named had committed it, furnishing a complete defense to an action against prosecutor for false imprisonment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, §§ 32–42.]

**3. SAME.**

In an action for false imprisonment under a charge of shifting a lever on the controller of electrical power machinery, with intent to render it useless, in violation of Pen. Code, § 639, subd. 10, it is immaterial that no proof was made before the magistrate, or on the trial, that plaintiff in false imprisonment had shifted any lever, and that the only act proved was the removal of some fuses claimed to have been his individual property, where the deposition under which the arrest was made was sufficient to vest jurisdiction in the magistrate to issue the warrant, since the right to recover is limited to the determination whether the magistrate had such jurisdiction.

**4. SAME—PROBABLE CAUSE.**

In an action for false imprisonment, the question whether defendant had probable cause to believe plaintiff guilty of the crime charged is not pertinent, since the rights and liabilities of the parties rest wholly on the determination whether the magistrate issuing the warrant had jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, § 31.]

Appeal from Queens County Court.

Action by Anthony Smith against the Bell & Fyfe Foundry Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

George Tiffany, for appellant.
John B. Merrill, for respondent.

RICH, J. The action is brought to recover damages for false imprisonment; and the main question presented for our consideration is whether there are sufficient facts stated in the information or deposition upon which the warrant issued to give jurisdiction to the magistrate issuing it; for if, even in a slight degree, it pre-

sented a question upon which the judicial mind was called to act in determining whether a crime had been committed by the person charged, the magistrate had jurisdiction, the warrant was valid, and an action for false imprisonment could not be maintained either against the magistrate or complainant. Swart v. Rickard, 148 N. Y. 264, 42 N. E. 665; People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. (N. S.) 528; Gilbert v. Satterlee, 101 App. Div. 313, 91 N. Y. Supp. 960. It is provided by the Code of Criminal Procedure that the deposition upon which a warrant may issue "must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant." Section 149. "If the magistrate be satisfied therefrom, that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest." Section 150. The deposition upon which the warrant issued, under which the plaintiff was arrested, so far as its averment of the commission of an act is concerned, is positive. It was made by the secretary of defendant, and is supported in part by the affidavit of one George Coates Toop, an employé of defendant. It states that:

"One Anthony Smith did willfully, and with intent to render useless part of the machinery of said company, to wit, an electric generator set, * * * did without the knowledge and authority of deponent, or any person in authority in said foundry, did shift a lever on the controller of the said electrical power machinery, rendering said motive power incapable of performing its usual and necessary functions."

The deposition then states declarations of Smith made to the witness and Toop tending to show the willful and malicious character of the act.

There can be no question but that the facts presented to the magistrate complied with the requirements of the Code of Criminal Procedure, and presented a question upon which the mind of the magistrate was required to act in determining whether a crime had been committed, and whether there was reasonable ground to believe that Smith had committed it. The deposition states that the act set forth was in violation of subdivision 10 of section 639 of the Penal Code, which section so far as applicable to the case under consideration is as follows:

"A person who willfully or maliciously displaces, removes, injures, or destroys, * * * [or who (subdivision 10)] destroys or damages with intent to destroy or render useless any engine, machine, tool or implement intended for use in trade or husbandry, * * * is punishable by imprisonment for not more than two years."

In determining the sufficiency of this deposition, it must be kept in mind that the proceeding before the magistrate is attacked collaterally, and therefore that great latitude of construction should be indulged in (Swart v. Rickard, 148 N. Y. 269, 42 N. E. 666), and we think that within the provisions of the section quoted the deposition sufficiently stated the commission of a crime.

It is contended that no proof was made upon the hearing before the magistrate, or upon the trial of this action, that the plaintiff

herein had at any time shifted any lever on the controller, but that the only act proven to have been committed by him was the removal of some fuses, claimed to have been his individual property, which prevented the operation of the machinery. This is entirely immaterial in this action in which the right of the plaintiff to succeed is limited to the determination of whether the magistrate had jurisdiction to issue the warrant under which the plaintiff was arrested. Although it may be true that upon the hearing failure to prove the specific crime charged, with proof of different acts committed by the plaintiff constituting the same offense, led the magistrate to the conclusion that the plaintiff should be discharged, neither this fact nor the fact that the person charged had committed no crime, or that the magistrate issuing, the warrant erred in judgment, made the warrant irregular or void, or rendered either the magistrate issuing it or the complainant upon whose deposition it was issued liable for its issuance or plaintiff's arrest under it, in an action for false imprisonment. Marks v. Townsend, 97 N. Y. 590; Gilbert v. Satterlee, 101 App. Div. 313, 91 N. Y. Supp. 960. Notwithstanding this, the fact remains that the deposition stated facts tending to show the commission of a crime by the defendant, was sufficient to vest jurisdiction in the magistrate to issue the warrant under which plaintiff was arrested, and this furnishes a complete defense to the defendant in this action.

The question of whether the defendant had probable cause to believe the plaintiff guilty of the crime charged is foreign to the determination of the question here. While such question is a factor in determining the rights and liabilities of parties in an action for malicious prosecution, it has no pertinency in an action for false imprisonment, in which the rights and liabilities of the parties rest wholly upon the determination of the question whether the magistrate issuing the warrant under which plaintiff was arrested had jurisdiction. It follows, therefore, that this action cannot be maintained.

Judgment and order reversed, and new trial ordered, costs to abide the event. All concur.