---

TANZER v. MORGAN et al.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

1. PLEADING (§ 127*)—ADMISSIONS.

In an action for wrongfully causing plaintiff's arrest for alleged false registration, a defendant's answer, admitting that another defendant, D., acted under his direction in making oath to the information and in presenting an affidavit, that the magistrate issued a warrant of arrest upon the information and affidavit and delivered it to D., and that in accordance with his authority as state superintendent of elections defendant duly caused information to be presented to the magistrate for the warrant for plaintiff's arrest upon a blank form of affidavit caused to be prepared by the city magistrate, and that D. was placed in charge of presenting the information to the magistrate, and in so doing used such prepared form, did not amount to admissions connecting defendant with the acts of D. in the receipt or in the execution of a void warrant of arrest

issued by the magistrate, so as to render defendant liable therefor, but only that he directed D. to present to the magistrate an information in a prescribed form.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 264–268; Dec. Dig. § 127.*]

2. CRIMINAL LAW (§ 212*)—ISSUANCE OF WARRANT—PROCEDURE—"DEPOSITION."

Code Cr. Proc. § 148, provided that, when an information was laid before a magistrate, he should examine on oath the informant and prosecutor and any witnesses he might produce, take their depositions, and cause them to be subscribed by the parties. Section 149 provided that the depositions must set forth the facts stated by the prosecutor and his witnesses tending to establish accused's guilt. Plaintiff was charged with false registration, which could be established only by proof of the residence, which he had stated to the board of election officers, and of the falsity of such statement, and upon application of a deputy state superintendent of elections to a magistrate for a warrant for plaintiff's arrest, and an information verified by such deputy, on a day in November, 1905, which was left blank and based entirely upon information and belief, the sources of which were not given, amounting to no more than a statement of his conclusion that a crime had been committed, and the affidavit of a person, whose residence was by mistake of election officials substituted for that given by plaintiff when he registered, that plaintiff did not live at such address, were presented. The affidavit of the deputy did not even recite that in making his charge he relied upon a copy of the original registration book. *Held*, that there was before the magistrate no "deposition," within the meaning of the Code, and, the magistrate having also failed to examine the deputy and his witnesses as required by the Code, the warrant issued for plaintiff's arrest was a nullity; the magistrate having no jurisdiction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 441–443; Dec. Dig. § 212.*

For other definitions, see Words and Phrases, vol. 2, pp. 2000–2002; vol. 8, p. 7634.]

Appeal from Trial Term, New York County.

Action by Arnold Tanzer against George W. Morgan, impleaded with Augustus L. Dominick and another. Judgment of nonsuit, and plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Laurence A. Tanzer, for appellant.
Martin S. Lynch, for respondent.

DOWLING, J. The plaintiff, a reputable citizen, for over 50 years a resident of New York County, and for 5 years residing in the same election district, presented himself for registration on October 9, 1905, before the inspectors of election of the Eighth election district of the Twenty-First assembly district in the city of New York. He duly answered the questions put to him by the members of the board, and gave his address correctly as 294 West Ninety-Second Street, whereupon they properly entered in their official register such answers, including plaintiff's place of residence. Thereafter, pursuant to law, said inspectors filled out cards purporting to contain a complete and correct copy of the record of each person registered in the district and delivered the same to the state superintendent of elections, who at

that time was the defendant George W. Morgan.　Through the care-
lessness or error of such election officers, the entry opposite the name
of another registered voter was placed upon the card containing plain-
tiff's name, whereby it was made to appear that plaintiff had given his
residence as No. 634 West End Avenue.　This was the residence of
Charles W. Turner, and it may fairly be inferred that the error arose
through the substitution of the entries opposite his name for those
opposite the plaintiff's.

Upon the receipt of such cards, and upon securing the affidavit of
Charles W. Turner that the plaintiff did not reside at 634 West End
Avenue, and without any claim that any serious effort was made to
ascertain the real facts, the information, verified by Augustus L. Dom-
inick, a deputy state superintendent of elections, and an affidavit of
said Charles W. Turner, were presented to a police magistrate, who,
solely upon the affidavits, and without any further hearing or investi-
gation, issued a warrant for the arrest of plaintiff, which was exe-
cuted when he appeared to exercise his right of suffrage.　Plaintiff's
proper address appeared in the New York City Telephone Directory
in use at the time that he registered, as well as in the Directory of the
city of New York for 1905; yet it does not appear that any examina-
tion was ever made of the original entry in the registration books of
the election district in question, nor that the slightest effort was made
to ascertain whether or not there was any reason to believe that a
crime had been committed, as a result of which this citizen was sub-
jected to the humiliation of an unjustified arrest.

The question presented by this appeal, however, refers solely to the
responsibility of the defendant Morgan to plaintiff for his arrest, for
at the close of plaintiff's case the complaint was dismissed as to him.
There was absolutely no testimony connecting Morgan with the acts
complained of, but it is sought to hold him responsible upon certain
admissions contained in his answer.　They are to be found in the para-
graphs thereof numbered "third," "fifth," and "ninth."　Therein he
admits that the defendant Dominick acted under his direction and
authority before the magistrate in question in making oath to the dep-
osition or information, a copy of which is annexed to the complaint and
marked "Exhibit A," and in presenting the affidavit of Turner to said
magistrate.　He also admits that the magistrate issued a warrant of
arrest upon the information and affidavit referred to, and delivered the
same to defendant Dominick, and that in accordance with his authority
as state superintendent of elections he duly caused information to be
presented to the said magistrate for the warrant for plaintiff's arrest,
upon a blank form of affidavit which had been caused to be prepared
by the then city magistrate, and that the blanks therein were filled
under his direction, such information being obtained from the cards
furnished the defendant Morgan by the inspectors, and that the de-
fendant Dominick was placed in charge of presenting the said informa-
tion to such magistrate, and in so doing used such prepared form or
blank.

Under no fair or reasonable interpretation can the admissions in the
answer of the defendant Morgan be held to connect him in any way
with the acts of the defendant Dominick in the receipt or in the re-

cution of the warrant of arrest, after the same had been issued by the magistrate. It sufficiently appears that the magistrate was without jurisdiction to issue the warrant for plaintiff's arrest. All that was before him was the information, verified by defendant Dominick, which was only in effect an information, and was insufficient to justify him in issuing a warrant or to confer jurisdiction upon him. This information, verified on a day in November, 1905, which is left blank, contained no statement of fact which justified the issuance of a warrant. It is based entirely upon information and belief, the sources of which are not given. It amounted to no more than a statement of Dominick's conclusion that a crime had been committed.

The affidavit of Turner, to the effect that the plaintiff did not reside at No. 634 West End Avenue, did not aid in conferring jurisdiction. The crime with which plaintiff was charged was the crime of false registration, and that could be established only by proof of the residence which he had stated to the board of election officers, and of the falsity of such statement. There was no affidavit presented of any member of the election board, nor did it appear that Dominick had ever examined the original registration book. His affidavit did not even recite that in making his charge he relied upon a copy of the original item.

The provisions of law applicable to the issuance of warrants, as contained in the Code of Criminal Procedure at that time, were as follows:

"Sec. 148. Examination of the Prosecutor and His Witnesses upon the Information.—When an information is laid before a magistrate of the commission of a crime, he must examine on oath the informant and prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.

"Sec. 149. Depositions, What to Contain.—The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant.

"Sec. 150. In What Case Warrant of Arrest may be Issued.—If the magistrate be satisfied therefrom that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest."

It is apparent from these provisions that there was before the magistrate in this case no deposition within the meaning of the Code, and that the paper sworn to by Dominick was only an information. Upon the filing of such information, it became the duty of the magistrate to examine under oath Dominick and his witnesses. Upon such an examination it would have appeared at once that Dominick had no knowledge upon which a charge of crime could be based, and the production of any one of the board of election officers, together with the original records, would have demonstrated immediately the error which they had made and the utter lack of any foundation for a charge against the plaintiff. The failure of the magistrate to comply with the plain provisions of the law, and his acceptance of an information without probative force as a deposition, led directly to the unwarranted and unjustified arrest of this plaintiff. But, whosoever else may be liable to the plaintiff for the damage which he has sustained, the defendant Morgan cannot be charged with such liability.

It is apparent that in this case the warrant was a nullity. It has been repeatedly held that mere statements upon information and belief, without giving any sufficient grounds upon which to base a belief, are insufficient to confer jurisdiction on the magistrate. Blodgett v. Race, 18 Hun, 132; Swart v. Rickard, 148 N. Y. 264, 42 N. E. 665; McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp. 541; Matter of Peck, 167 N. Y. 391, 60 N. E. 775; Peo. ex rel. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330, 10 L. R. A. (N. S.) 159. And the Court of Appeals, in People ex rel. Perkins v. Moss, 187 N. Y. 418, 80 N. E. 385 (11 L. R. A. [N. S.] 528) reiterated this conclusion in the following language:

"If the magistrate issued the warrant of arrest without sufficient evidence in the particular case, the process is a nullity. The question always must be whether the magistrate acquired jurisdiction to cause an arrest of the person, and the court, upon the habeas corpus proceeding, will look back of his warrant and see if the facts stated in the depositions of the prosecutor and his witnesses support his warrant. Code Cr. Proc. § 149; Church, Hab. Corp. § 236. If they do not furnish reasonable and just ground for a conclusion that the crime charged had been committed and that the defendant committed it, then jurisdiction was lacking to hold the prisoner in custody for any time. Code Cr. Proc. § 150."

The magistrate being without jurisdiction and his warrant being a nullity, it does not, however, follow that the defendant Morgan is liable because of the acts which he concededly directed the defendant Dominick to perform. Under his admissions in his answer, all that he did was to direct the latter to present to the magistrate an information in the form prescribed by the board of magistrates. The defendant Morgan could not assume that the magistrate would act without jurisdiction, or would fail to comply with the law. If the magistrate had followed the plain provisions of the Code of Criminal Procedure, there would have been no warrant issued. When he failed to comply with the law, and issued the warrant, which was a nullity, it does not appear that the defendant Morgan had any knowledge of his action, or authorized any further steps upon the part of his deputy, Dominick. There is no concession in his answer which justifies the charge that Morgan had any responsibility for what occurred after the information had been presented. Under these circumstances, the dismissal of the complaint as to defendant Morgan was correct, and should be affirmed.

The judgment, however, improperly recites that the dismissal was upon the merits. This recital should be amended by striking out the words "on the merits," and the judgment, thus modified, affirmed, with costs to the respondent. All concur.