ANTHONY VITTORIO, Respondent, *v.* ST. REGIS PAPER
COMPANY, Appellant.

False imprisonment — when information sufficient to justify
magistrate in issuing warrant of arrest — when defendant
who made complaint not liable in action for false imprison-
ment even if error was made by magistrate.

1. The sufficiency of an information even when attacked directly
may not be tested by the same rules and standards of technical
correctness as were formerly applied to a common-law pleading, and
especially when the attack on the sufficiency of the information is
made collaterally, great latitude of construction should be indulged in.

2. The information lodged with the justice of the peace upon
which plaintiff was arrested and for which arrest he brings this action
to recover damages for false imprisonment, charged in substance that
plaintiff had received merchandise stolen from the mill of defendant;
that he had it " in his possession for the purpose of concealment;"
that he received the goods " knowingly " and " wilfully and corruptly."
This was sufficient to give the magistrate jurisdiction and to call upon
him for a decision as to whether a warrant should issue. A warrant
issued upon this information is not void and the arrest is not unlawful,
even though the justice of the peace in issuing the warrant may have
erred grossly and even though the complainant be unable at the trial
to sustain his charges or the accused be able to meet them fully.

3. Where the informant was sworn and his deposition made in
writing and subscribed by him, the failure of the magistrate to sign
the jurat may have been negligence on his part in the performance
of his duties, but it was no wrong for which the defendant can be held
responsible nor did it affect the jurisdiction of the magistrate.

4. The defendant is not liable for any error or even wrongful act
on the part of a justice of the peace or of a deputy sheriff in connection
with the exercise of their functions as public officers even though
they were employees of the defendant. They derived their authority
solely from the State through election or appointment and they were
agents of the State when they performed their public functions and
were not at that time acting as agents or employees of the defendant.

5. Since the warrants upon which the plaintiff was arrested were
not jurisdictionally defective, the plaintiff failed to establish any
cause of action against defendant for false imprisonment even if the
defendant caused the plaintiff's arrest under such warrants.

*Vittorio v. St. Regis Paper Co.*, 209 App. Div. 846, reversed.

(Argued October 20, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 5, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

*John Conboy* and *T. Arthur Hendricks* for appellant. The informations were ample to confer jurisdiction and, if not, the justice was presented with sufficient facts to enable him to prepare a sufficient information, and a failure to do so is not chargeable to the defendant. (*People* v. *Acerno*, 184 App. Div. 541; *Smith* v. *B. & F. Foundry Co.*, 127 App. Div. 278; *People* v. *Pellon*, 78 Hun, 74; *Laudt* v. *Hilts*, 19 Barb. 283; *Swart* v. *Richard*, 148 N. Y. 264; *Marks* v. *Townsend*, 97 N. Y. 590; *Palmer* v. *Foley*, 71 N. Y. 106; *Hewitt* v. *Newburger*, 66 Hun, 232; *Lewis* v. *Rose*, 6 Lans. 206; *Whitney* v. *Hause*, 36 App. Div. 420.)

*Clarence L. Crabb* for respondent. The magistrate issuing the warrants was without jurisdiction and the arrests were illegal. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *People ex rel. Wilson* v. *Warden*, 151 N. Y. 108; *People* v. *Walker*, 198 N. Y. 329; *People ex rel. Perkins* v. *Moss*, 187 N. Y. 410; *Mayer* v. *Potter*, 112 N. Y. Supp. 102; *Steele* v. *Bauchfuss*, 93 Misc. Rep. 332; *Wass* v. *Stephens*, 128 N. Y. 123.) The magistrate was without jurisdiction and the appellant is responsible for the false arrest and prosecution of respondent. (*Darven* v. *Drew*, 153 App. Div. 844; 214 N. Y. 681.)

LEHMAN, J. In October, 1919, the plaintiff was arrested upon a warrant issued upon a complaint, lodged with a justice of the peace by Carl F. McGran, an employee of the defendant. The complaint charged the plaintiff with receiving property stolen from the defendant. The plaintiff was discharged by the justice of the peace when it appeared that the jurat on the written information upon which the warrant was issued was not sub-

scribed by the officer before whom it was taken. The plaintiff was then arrested again under a warrant issued upon a new complaint made by McGran. He was tried and found guilty of the charge contained in that complaint. Upon appeal the conviction was reversed and the plaintiff discharged "upon the ground that no sufficient information was laid before the justice of the peace and that said Court was without jurisdiction in the premises, and that said conviction was also contrary to the weight of evidence."

After his discharge the plaintiff brought this action against the defendant alleging in his complaint both unlawful arrest and imprisonment under void process and malicious prosecution. A judgment recovered by the plaintiff at the first trial was reversed by the Appellate Division on the ground that the trial court applied a wrong rule of damages, but a majority of the judges sitting in the Appellate Division held that neither information signed by Mr. McGran "was sufficient to give the justice jurisdiction to issue the warrant and that the plaintiff made out a cause of action against the defendant upon the theory that it instigated and carried forward the proceedings."

At the second trial the plaintiff's counsel stated that he would offer no evidence to establish the claim of malicious prosecution but would rest "our case here upon the claim of false imprisonment." In passing upon that claim the trial judge was constrained to follow the previous ruling of the Appellate Division and he held as a matter of law that the plaintiff's arrest and imprisonment was unlawful because neither information was sufficient to confer any jurisdiction on the justice of the peace before whom it was laid. He left to the jury only the question of whether the defendant instigated the arrest and the jury decided this question in the plaintiff's favor and awarded him damages of $150.

The evidence sufficiently establishes that McGran made

an investigation in regard to the alleged disappearance of some felt from the defendant's mill with a view of establishing that the felt was stolen and of finding the guilty persons. He learned that some felt was discovered in the plaintiff's house when the house was searched under a search warrant. Plaintiff's wife at that time said that she had received the felt from her brother-in-law. The brother-in-law was arrested and pleaded guilty to a charge of larceny. McGran then told the justice of the peace of these circumstances, together with some other circumstances which might tend in some degree to establish knowledge on the plaintiff's part that the goods were stolen. At the suggestion of the justice of the peace McGran wrote out the " information " upon which the justice of the peace issued a warrant and when the plaintiff was discharged after that arrest McGran wrote out another " information " upon which the second warrant was issued. McGran opposed the plaintiff's discharge after his first arrest and secured counsel to assist in the prosecution after the second arrest; but McGran testified that he did not see the warrants after they were issued and took no part in serving them either personally or through directions to any peace officer and there is no evidence which contradicts this testimony.

Unquestionably the evidence is sufficient to establish that McGran was at all times acting within the scope of his duties and in behalf of the defendant, his employer. The defendant may, therefore, properly be held liable for any wrong which McGran inflicted upon the plaintiff; but the defendant is not liable for any error or even wrongful act on the part of the justice of the peace or of a deputy sheriff in connection with the exercise of their functions as public officers even though, like all the other residents of the village where the defendant's mills are situated, they were employees of the defendant. They derived their authority solely from the State through election or appointment and they were agents of the

State when they performed their public functions and were not at that time acting as agents or employees of the defendant. McGran did not seek to arrest the plaintiff without a warrant. He went to the justice of the peace and he asked the justice of the peace to determine upon the facts laid before him whether a warrant should be issued for the plaintiff's arrest. He was sworn and he wrote out the information upon which the justice of the peace acted in issuing a warrant. If the information so laid before the justice of the peace was sufficient to give the magistrate jurisdiction and to call upon him for a decision as to whether the warrant should issue, a warrant issued upon that information is not void and the arrest is not unlawful, even though the justice of the peace in issuing the warrant may have erred grossly and even though the complainant be unable at the trial to sustain his charges or the accused be able to meet them fully. (*Marks* v. *Townsend*, 97 N. Y. 590; *Swart* v. *Rickard*, 148 N. Y. 264.)

In our opinion the courts which have heretofore passed upon the validity of the second warrant upon which the plaintiff was arrested and then tried have erred in holding it jurisdictionally defective and void. We may not test the sufficiency of an information, even when attacked directly, by the same rules and standards of technical correctness as were formerly applied to a common-law pleading and, especially when the attack on the sufficiency of the information is made collaterally, " great latitude of construction should be indulged in." (*Swart* v. *Rickard*, *supra*.) We may not hold that either complainant or justice of the peace has committed a legal wrong for which he should respond in damages, because he has failed to display a learning which he could not reasonably be presumed to possess. In the present case McGran charged that the plaintiff received felt from Mrs. Leonard Delia whose husband Leonard Delia, had stolen said felt from the De Feriet mill of the St. Regis Paper Company. The

information further states that plaintiff had said felt " in his possession for the purpose of concealment," and that the plaintiff received the goods " knowingly " and " wilfully " and " corruptly." Certainly these statements are sufficient to allow and perhaps even to require the inference that the complainant charged the plaintiff with receiving and concealing property which he knew was stolen. The justice of the peace was called upon to decide whether a warrant should issue and the plaintiff's arrest was therefore, not unlawful though his innocence might thereafter appear. Other objections now urged to the form of the warrant and the information have too little substance to require consideration.

We have analysed first the information upon which the second warrant was issued because the plaintiff's trial and conviction was under that warrant. The same considerations which lead us to conclude that that warrant was not jurisdictionally defective lead us to the conclusion that the allegations contained in the first information were also sufficient to give jurisdiction. While this information does not expressly charge the plaintiff with knowledge that the goods which were found in his possession were stolen, yet it contains allegations from which that inference might be drawn and which if not contradicted or explained, might be sufficient to sustain a conviction at a trial. When the magistrate received information that stolen goods were delivered to the plaintiff by the thief for concealment and were found in the plaintiff's possession, he was then called upon to determine whether the circumstances justified the inference that the plaintiff knew the goods were stolen. The evident intent of the information, read as a whole, was to charge the plaintiff with such knowledge and was sufficient to apprise him of the charge. Its defects are not of such substance that the warrant which is based upon it may be attacked collaterally and disregarded as void. Section 148 of the Code of Criminal

Procedure requires the magistrate to " examine on oath the informant and prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them." Here the informant was sworn; his deposition was made in writing and was subscribed by him. The failure of the magistrate to sign the jurat may have been negligence on his part in the performance of his duties, but it was no wrong for which the defendant can be held responsible nor did it affect the jurisdiction of the magistrate.

Since the warrants upon which the plaintiff was arrested were not jurisdictionally defective, the plaintiff has failed to establish any cause of action against defendant for false imprisonment even if the defendant caused the plaintiff's arrest under such warrants. It is, therefore, unnecessary for me to determine whether the evidence is sufficient to sustain a finding that either McGran or the defendant has in fact caused the arrest.

The judgment should be reversed and complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.