■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HARRY GOLDBERG, Respondent.— Appeal by the People from an order of the County Court of Schenectady County which sustained a writ of habeas corpus and discharged relator from the Sheriff's custody, to which he had been committed pending imposition of sentence upon his conviction in the Police Court of the City of Schenectady of the crime of book-making (Penal Law, § 986). The information whereby relator was charged was stated to be "upon information and belief, the source of said information and belief being the attached deposition sworn to on the 28th day of April, 1958." The paper so attached contains the requisite factual detail but although signed and witnessed does not bear a jurat or otherwise indicate on its face that the witness was examined "on oath" (Code Crim. Pro., § 148). The County Court held that such omission rendered the information itself fatally and jurisdictionally defective and on that ground sustained the writ. At the trial and before any other witness was sworn, the Clerk of the Police Court, whose name appeared as one of the witnesses to the supposed deposition, testified that the deposition was, in fact, taken under oath and was sworn to when completed. His authority to take the deposition seems implicit in his statutory powers, including "the power to take informations *upon which warrants for* * * * *arrest* * * * *may be issued*" and that "to administer oaths to witnesses" (Second Class Cities Law, § 187; italics supplied); the literal provisions of section 148 of the Code of Criminal Procedure were complied with; and the Clerk's failure to sign the jurat did not affect the Magistrate's jurisdiction (*Vittorio* v. *St. Regis Paper Co.*, 239 N. Y. 148, 154). In this view of the case, neither *People* v. *Bertram* (302 N. Y. 526) nor *People* v. *Belcher* (302 N. Y. 529), relied upon by respondent, is in point. In any event, the case seems to us within the minimal requirement laid down in *People* v. *James* (4 N Y 2d 482, 486) "that at least the sources of information and grounds of the belief be stated." Here there was not, as in *James*, "pure unidentifiable hearsay" (p. 486) nor a written statement not referred to in the information (p. 484) but a witness' explicit statement of facts uncontrovertibly identified by the information as "attached" thereto. Appellant's right to invoke habeas corpus has not been disputed and we do not pass on that question since we prefer, in any event, to rest our decision upon the merits. Order reversed, on the law and facts, and writ dismissed, without costs, and relator remanded to the custody of the Sheriff of Schenectady County. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.