(43 Misc. Rep. 292.)

### GILBERT v. SATTERLEE et al.

(Supreme Court, Trial Term, Rensselaer County. March, 1904.)

1. FALSE IMPRISONMENT—LIABILITY OF JUSTICE.

   Where a person is arrested on a warrant issued by a justice of the peace which is sufficient to give jurisdiction, he cannot, on his discharge, maintain an action against the justice for false imprisonment, though the latter may have erred in judgment, or it may appear that no crime has been committed.

2. CRIMINAL LAW—ISSUE OF WARRANT—SUFFICIENCY OF DEPOSITION.

   A deposition alleged on positive knowledge a violation of Town Law, Laws 1898, pp. 1278, 1279, c. 538, §§ 184, 187, as amended by Laws 1899, p. 692, c. 314, forbidding the hawking and peddling of goods in a town without a license. It also alleged that the town board had under that law duly prohibited such acts by resolution. *Held* sufficient to give jurisdiction to a justice of the peace to issue a warrant.

3. SAME.

   A deposition setting forth the adoption of a resolution by a town board prohibiting peddling goods without a license, on which a warrant was based, need not set forth in full the resolution of the town board prohibiting such act.

¶ 1. See False Imprisonment, vol. 23, Cent. Dig. § 17.

Action by Edward Gilbert against John H. Satterlee and others for false imprisonment. Motion for nonsuit. Granted.

On the 11th of April, 1902, the defendant Nichols laid an information before the defendant Satterlee, as such justice of the peace, as aforesaid, and made a deposition, of which the following is a copy:

"State of New York, County of Rensselaer, Town of Berlin—ss.:

"Be it remembered, that I, C. S. Nichols, residing in the town of Berlin, county of Rensselaer, N. Y., now come before J. H. Satterlee, Esq., a justice of the peace of Berlin, in the county of Rensselaer, N. Y., and give information under oath as follows:

"That one Gilbert (the tea peddler) on the 29th day of March, 1902, at the village of Berlin and other places in the town of Berlin, county of Rensselaer, N. Y., and at various other times did commit the crime of violating the town ordinances of the town law of the State N. Y., against the property of said town of Berlin, N. Y., by feloniously, wrongfully, unlawfully, wilfully, corruptly, falsely, maliciously and knowingly in violation of sections 184 and 187 of the Town Law of the State N. Y., chapter 538, as amended by L. 1889, ch. 314, hawking and peddling teas, coffee and other goods of merchandise in the public streets and places in said town of Berlin, N. Y., and vending the same by calls from house to house in the streets of the aforesaid town without a license therefor, whereby the town board has duly prohibited the same by resolution.

"Wherefore, your informant prays that the depositions of this informant and ———————— witnesses, may be reduced to writing and duly subscribed, and that a warrant issue for the arrest of said accused and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.

"C. S. Nichols.

"Sworn to before me this 11th day of April, 1902.

"J. H. Satterlee, Justice of the Peace."

On this deposition the defendant Satterlee issued a warrant for the arrest of the plaintiff, Gilbert, who was brought before the justice, arraigned, and pleaded not guilty. The criminal action was adjourned, and was eventually dismissed, and Gilbert was discharged.

John W. Roddy, for plaintiff.
James Farrell, for defendants.

COCHRANE, J. This being an action for false imprisonment, the only inquiry is whether the deposition in pursuance of which the warrant was issued was sufficient to give the justice jurisdiction. If jurisdiction was conferred to issue the warrant, this action is not maintainable, even though the justice may have erred in judgment, or if, in the subsequent proceedings before him, it may have transpired that no crime had in fact been committed. Swart v. Rickard, 148 N. Y. 264, 42 N. E. 665.

The plaintiff challenges the validity of the resolution of the town board passed pursuant to section 184 of the town law. This resolution was not set forth in the deposition before the justice on which the warrant was issued, and hence the justice could not determine as to its validity or invalidity until the same was established in the subsequent proceedings in the criminal action pending before him. A court or magistrate may not take judicial notice of a resolution or ordinance of a town board.

Section 184 of the town law, as far as applicable to this case, provides as follows:

"The town board of any town may, by resolution, prohibit the hawking and peddling of goods or produce in public streets or places, or the vending of the same by calls from house to house, without a license."

And section 187 of the town law is as follows:

"Any person who hawks, peddles, or vends without a license in any town, as required by this article, or contrary to the terms of his license, or who refuses to produce his license on the demand of a peace officer, is guilty of a misdemeanor."

The deposition under consideration is made on positive knowledge, and sets forth all the facts required to bring the case within the provisions of the town law, above quoted. It states positively that the person complained of committed acts of hawking and peddling teas and other merchandise in the public streets and places of the town, and of vending the same by calls from house to house, without a license, and that the town board had duly prohibited such acts by resolution. It was not necessary to set forth the resolution of the town board in the deposition, but the statement therein contained that the town board had duly prohibited such acts by resolution was sufficient, in my opinion, to confer jurisdiction on the justice to issue the warrant in question. When, in the subsequent history of the case, the resolution was established by proof, its validity then became a question for the justice to determine judicially. But until the resolution was proved, after the arraignment of the defendant in the criminal action, it was not before the justice for his consideration. If the town board had duly prohibited, by resolution, hawking and peddling in the public places of the town, and the plaintiff, notwithstanding such resolution, performed such acts of hawking and peddling without a license, he was guilty of a misdemeanor under the sections of the town law above referred to.

The resolution of the town board in terms only applied to nonresidents, but, as it was not before the justice when he issued the warrant, it was not essential that the deposition failed to show the nonresidence of Gilbert. According to the deposition, the particular acts of Gilbert complained of had been prohibited by the resolution. It is needless in an action like this to consider whether the deposition stated the facts with accuracy, or whether it stated all the facts. It is a sufficient defense to this action that the facts as they were stated in the deposition constituted a crime. In People ex rel. Sandman v. Tuthill, 79 App. Div. 24, 79 N. Y. Supp. 905, no facts were stated showing the particular acts which constituted the alleged crime. In McKelvey v. Marsh, 63 App. Div. 396, 71 N. Y. Supp. 541, the deposition was based on the hearsay statements of another person, and it was therein stated that it had been repeatedly held that some fact or circumstance must appear tending to establish the guilt of the accused, and that an allegation based on information and belief is insufficient. In Rutherford v. Holmes, 66 N. Y. 368, there was an entire absence of the proof of a prerequisite required by the statute in that case, viz., an oath of the materiality of the testimony of the witness who was committed for contempt in refusing to testify. In Hewitt v. Newburger, 141 N. Y. 538, 36 N. E. 593, there was in the deposition an entire absence of proof that the acts complained of were done maliciously or willfully, an unlawful intent in that case being a necessary element of the crime, and the facts set forth

in the deposition were as consistent with a lawful as with an unlawful intent. This case is clearly distinguishable from those above referred to. The deposition may be somewhat informal and inartificially drawn, but in determining its sufficiency in a collateral action, such as this, great latitude of construction should be allowed. Swart v. Rickard, supra. That it was sufficient to confer on the justice jurisdiction to issue the warrant is, I think, reasonably clear within the principles contained in the foregoing cases, as well as in the following cases, viz.: Jones v. Foster, 43 App. Div. 33, 59 N. Y. Supp. 738; Marks v. Townsend, 97 N. Y. 590, 596; People v. Cramer, 22 App. Div. 189, 47 N. Y. Supp. 1039. Motion for nonsuit granted.

Motion granted.