## JOHNSTON v. BRUCKHEIMER.

(Supreme Court, Appellate Division, First Department.   July 13, 1909.)

1. FALSE IMPRISONMENT (§ 7*)—ELEMENTS OF FALSE IMPRISONMENT.

Under Code Cr. Proc. § 177, providing that a peace officer may without a warrant arrest a person when a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested has committed it, and section 183, providing that a private person is only authorized to arrest another when a crime has been committed or attempted in his presence, or where the person arrested has committed a felony, although not in his presence, a cause of action for false imprisonment accrues whenever a person is arrested and detained by one not an officer acting without a warrant when no crime has in fact been committed by him, no matter with what good faith the party who caused the arrest acted.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 7; Dec. Dig. § 7.*]

2. BANKRUPTCY (§ 423*) — DEBTS AND LIABILITIES DISCHARGED — JUDGMENTS FOR WILLFUL OR MALICIOUS INJURIES—FALSE IMPRISONMENT.

Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by section 5, c. 487, Act Feb. 5, 1903, 32 Stat. 798 (U. S. Comp. St. Supp. 1907, p. 1026), provides that "liabilities * * * for willful or malicious injury to the person or property of another" shall not be affected by a discharge in bankruptcy. In an action for false imprisonment, it was alleged in the complaint that defendants without any warrant or pretense of legal process caused the arrest of plaintiff by two police officers, and caused a false charge to be made against plaintiff that she was guilty of grand larceny without any reasonable cause and without any right or authority so to do, and that, having been confined in a police station over night, she was taken before a city magistrate, where defendants, although having theretofore falsely charged plaintiff with the said offense, then and there admitted in writing before said magistrate that they learned that plaintiff was innocent, and she was thereupon discharged. *Held* that, in the absence of the judgment roll, it will be presumed that the judgment in the action followed the complaint, and that it was not founded on malice, and therefore that the judgment is not within the exception in the bankruptcy act, and is discharged by his discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 818; Dec. Dig. § 423.*]

Houghton, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1ˇ07 to date, & Rep'r Indexes

Appeal from Appellate Term.

Action by Tessie Johnston against Albert Bruckheimer. Plaintiff recovered judgment, an application for examination of defendant in supplementary proceedings was granted by the city court, an appeal was taken, the order affirmed (116 N. Y. Supp. 688), and defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Louis B. Eppstein, for appellant.

Jellenik & Stern (Nathan D. Stern, of counsel), for respondent.

CLARKE, J. In May, 1904, plaintiff commenced an action against Albert Bruckheimer and his wife, Lizzie, for $2,000 damages; it being alleged in the complaint that the defendants without any warrant or pretense of legal process caused the arrest of the plaintiff by two police officers, and caused a false charge to be made against the plaintiff, to wit, that she was guilty of a felony known as grand larceny, without any reasonable cause and without any right or authority so to do; that, having been confined in a police station over night, she was taken before a city magistrate, where the defendants, although having theretofore falsely charged plaintiff with the said offense, then and there admitted and stated in writing before said magistrate that they learned that plaintiff was innocent, and she was thereupon discharged from custody. The jury rendered a verdict for $750 in favor of plaintiff and against the defendants, and on April 19, 1907, a judgment was entered for the sum of $872.53. Subsequently Albert Bruckheimer filed a voluntary petition in bankruptcy, and a discharge was thereafter granted. The bankruptcy proceeding was commenced almost immediately after the recovery of the judgment in this action. On or about May 13, 1908, and following the discharge in bankruptcy of the appellant, an order in supplementary proceedings was obtained in the City Court requiring the defendant appellant to appear and submit to examination. Thereafter the appellant procured an order to show cause why the supplementary proceedings should not be vacated upon the ground that the judgment had been discharged. The application was denied, and an order made requiring the appellant to submit to such examination. An appeal was taken to the Appellate Term, and said order was affirmed and leave granted to appeal to this court.

The question presented is whether the debt evidenced by this judgment has been discharged under the provisions of the bankruptcy law. Section 17, c. 541, Act July 1, 1898, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by section 5, c. 487, Act Feb. 5, 1903, 32 Stat. 798 (U. S. Comp. St. Supp. 1907, p. 1026), being the United States statute, provides:

"Debts not affected by a discharge. (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (2), are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injury to the person or property of another.".

The distinction between false imprisonment and malicious prosecution is fundamental. They are made up of different elements, enforced by different forms of actions, are governed by different rules

of pleading, evidence, and damages, and are subject to different defenses. 19 Cyc. 321. "False imprisonment has been well defined to be a trespass committed by one man against the person of another by unlawfully arresting him and detaining him without any legal authority. Addison on Torts, p. 552. Where the detention is illegal, the action will lie without regard to the innocence of the defendant in his intentions." Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899. "The right invaded by false imprisonment is of such character that the liability of the wrongdoer does not depend primarily upon his mental attitude. All of the authorities declare that neither malice nor ordinary want of probable cause is an essential element of the right of action. If the imprisonment is lawful, it does not become unlawful because done with malicious intent. If the conduct be unlawful, neither good faith nor provocation nor ignorance of the law is a defense to the person committing the wrong in a civil as distinguished from a criminal proceeding." 19 Cyc. 319. In an action for false imprisonment the essentials are, first, that plaintiff was arrested and detained by defendant without process; second, that plaintiff was not guilty of the offense for which he was arrested. An arrest procured by any one other than a police officer without a warrant is always unlawful, except, first, where a crime has been committed or attempted by the person arrested in his presence; or, second, where a felony has been committed by the person arrested. While a peace officer under section 177 of the Code of Criminal Procedure may without a warrant arrest a person when a felony has in fact been committed and he has reasonable cause for believing the person to be arrested to have committed it, a private person is only authorized to arrest another when a crime has been committed or attempted in his presence, or where the person arrested has committed a felony, although not in his presence. Section 183, Code Cr. Proc.; Grinnell v. Weston, 95 App. Div. 454, 88 N. Y. Supp. 781. It follows that a cause of action for false imprisonment accrues whenever a person is arrested and detained by one not an officer acting without a warrant when no crime has in fact been committed by him, no matter with what good faith the party who caused the arrest acted.

In Marks v. Townsend, 97 N. Y. 590, Earle, J., said:

"Even malicious motives and the absence of probable cause do not give a party arrested an action for false imprisonment. They may aggravate his damages, but have nothing whatever to do with the cause of action."

In the complaint which is a part of this record there is no allegation of malice. The cause of action is based upon an arrest without a warrant. The judgment roll is not before us nor is the evidence. We must hold that the judgment followed the complaint, and that it would have been error upon the trial for the judge to have charged that the jury must find malice in the defendant in causing the arrest before they could find a verdict for the plaintiff. If, therefore, malice is not an ingredient of the cause of action for false imprisonment, if it is not alleged in the complaint, I do not see how a judgment upon such a complaint and for such a cause of action can be held to be a liability for willful and malicious injury to the person of another. It has been

held that a judgment for the father in an action to recover damages for the seduction of his daughter was for a willful and malicious injury to the person and property of another within the meaning of section 17 of the bankruptcy act (In re Freche [D. C.] 109 Fed. 620), and it has also been held that a judgment by a husband for damages in an action in crim. com. was likewise for a willful and malicious injury to the person of another (Colwell v. Tinker, 169 N. Y. 531, 62 N. E. 668, 58 L. R. A. 765, 98 Am. St. Rep. 587, affirmed 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754). These decisions were before the bankruptcy act had been amended by specifically putting actions for seduction and crim. com. within the exception. Mr. Justice Peckham said:

"We think that a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done maliciously so as to come within the exception."

So in Kavanaugh v. McIntyre (Sup.) 112 N. Y. Supp. 967, where an order of arrest was held good in an action for conversion, the court said:

"The defendants in utter disregard of the rights of the plaintiff, knowing they were injuring him and willing to do so in order to subserve their own wrongful purposes, converted his property. In short, the acts disclosed constituted larceny. There is neither reason nor justice in extending to such acts the protection of the bankruptcy act unless we are clearly required to do so by its provisions."

In all of these cases the acts under consideration involved moral turpitude, and, under such circumstances, it was not difficult to find malice, but the same cases pointed out that there are torts which would not be of such a nature as to involve malice, as for instance, negligently running over a person in the public streets, while intentionally riding down a particular person would, of course, be malicious and therefore come within the rule.

So of the case at bar, while the act of the defendant in procuring the arrest may be said to be willful because he intended the person to be arrested upon his information, yet if he honestly believed that the arrested person had committed the crime of grand larceny, and promptly withdrew the charge when he discovered her innocence, while the cause of action based upon the illegal arrest for false imprisonment was fully established, those facts in and of themselves were not of the kind illustrated in the cases, supra, so obviously against good morals, involving such moral turpitude, as to compel the court to disregard the fundamental characteristics of an action for false imprisonment and to read into those acts, for the purpose of bringing them within the exception of the bankruptcy law, the incident of malice without allegation or proof to sustain it.

I reach the conclusion, therefore, upon this record that the judgment is not within the exception provided in section 17 of the bankruptcy act, supra, and that the order of the Appellate Term appealed from should be reversed, with costs and disbursements to the appellant, and the motion to vacate granted with $10 costs.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. HOUGHTON, J., dissents.