(156 App. Div. 658.)

## CONDRON v. CARR.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

1. MALICIOUS PROSECUTION (§ 64*)—ACTIONS—SUFFICIENCY OF EVIDENCE— MALICE.

    Evidence in an action for malicious prosecution *held* not to show that plaintiff's arrest and incarceration were actuated by malice.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 151–153; Dec. Dig. § 64.*]

2. MALICIOUS PROSECUTION (§ 56*)—ACTIONS—BURDEN OF PROOF—WANT OF PROBABLE CAUSE.

    The burden of showing want of probable cause is upon plaintiff in an action for malicious prosecution.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. § 56.*] ·

3. FALSE IMPRISONMENT (§ 7*)—ARREST WITHOUT WARRANT.

    There was a false arrest, where one was arrested without a· warrant for a misdemeanor not committed in the presence of the arresting officer.

    [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–61, 79; Dec. Dig. § 7.*]

4. FALSE IMPRISONMENT (§ 36*)—EXCESSIVE DAMAGES.

    A verdict for plaintiff for $800 for false arrest was excessive, where, though there was a technical false arrest, the arresting officer was not actuated by malice, and plaintiff was merely taken before the magistrate and held to bail for trial at special session, where he was acquitted.

    [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 110, 113–115; Dec. Dig. § 36.*]

Appeal from Trial Term, New York County.

Action by James Condron against Frank A. Carr. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered, unless plaintiff accepts judgment for a less amount, in which event judgment is affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert D. Ireland, of New York City (Anthony J. Ernest, of New York City, of counsel), for appellant.

Francis S. McAvoy, of New York City (George H. Taylor, of New York City, of counsel), for respondent.

CLARKE, J. The complaint in one count contains allegations appropriate to two causes of action, false imprisonment and malicious prosecution. At the close of the plaintiff's case a .motion was made to dismiss the cause of action for malicious prosecution, on the ground that no malice had been shown, and at the close of the whole case, on the ground, not only that plaintiff had failed to prove malice, but that it appeared affirmatively that the facts known to the defendant, or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

discoverable by him with reasonable care, were such as would lead a. man of ordinary prudence to believe that a crime had been committed. by the plaintiff. These motions were denied, and exceptions taken.

In the charge the learned court directed a verdict for the plaintiff on the charge of unlawful arrest, in this language:

"The plaintiff was unlawfully restrained of his liberty. That constitutes what is called false arrest or false imprisonment. From the time he was taken into custody until the time when he was held by the magistrate, after an examination in court, he was illegally restrained of his liberty; and for that he is entitled to fair and reasonable compensation. Upon that count of the complaint there is but one question you have to consider, and that is the amount of the damages."

[1] Plaintiff was restrained at the station house from 8 until 11. o'clock at night. He was a laboring man in a feed store which was owned by the defendant. He earned $13 a week, and for doing certain janitor's or cleaning work in another building owned by defendant he received $3 a week. The defendant was informed by men who occupied the building directly opposite his feed store that plaintiff had been seen carrying away two or three bags of oats after 6 o'clock at night. He was positively identified by one of these men. Two other witnesses testified that he had previously taken away bags. The evidence is overwhelming, and, without doubt, sufficient to sustain the proposition that the defendant had probable cause and was not actuated by malice.

[2] The burden of showing want of probable cause, which rests upon the plaintiff, was not only not sustained, but the fact of probable cause was completely established, so that it was an error of law not to dismiss that cause of action.

[3] Technically there was a false arrest, because plaintiff was charged with a misdemeanor not committed in the presence of the officer or of the defendant, Mr. Carr. The defendant in his answer admits that he caused the arrest. The allegation is:

"The defendant * * * by reason of the premises had reasonable and probable cause of suspicion that the plaintiff was guilty of the larceny of two or more bags of oats from his warehouse, and therefore gave the plaintiff into the custody of a police officer in order to carry and convey him before a proper magistrate to be there dealt with according to law."

What he should have done, of course, was to go before a magistrate and get a warrant.

[4] There was, then, a technical false arrest and imprisonment until the hearing before the magistrate, where plaintiff was held in $300 for trial at Special Sessions, where he was acquitted. But the verdict is excessive upon that count. There was no evidence to sustain the verdict upon the count of malicious prosecution.

The judgment and order appealed from should be reversed, and a. new trial ordered, with costs to appellant to abide the event, unless. the plaintiff stipulates to reduce the verdict to $100, in which event the judgment, as so modified, and the order appealed from, are affirmed, without costs to either party. All concur.