### In re ROBERTS.

(District Court, E. D. Michigan, S. D. June 1, 1923.)

No. 5830.

Bankruptcy ☞421(1)—Judgment for negligent injury dischargeable in bankruptcy; "willful and malicious injury."

A judgment for negligent injury is provable in bankruptcy, and bankrupt is released therefrom by his discharge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Willful—Willfully.]

In Bankruptcy. In the matter of Fred W. Roberts, bankrupt. On petition by bankrupt for injunction. Granted.

Russell L. Freyman, of Detroit, Mich., for bankrupt.
Edward Pokorny, of Detroit, Mich., for respondent.

SIMONS, District Judge. Petition filed on behalf of bankrupt, praying for an order restraining one Louis Schilhab from interfering with the liberty of the bankrupt, and restraining the sheriff of Wayne county, Mich., from making a levy of a writ of capias heretofore issued in the circuit court for the county of Wayne against the said bankrupt, and from serving the said writ of capias, and for a permanent injunction against the respondent. The facts as set up by the petition and in petitioner's brief, are as follows:

On December 24, 1922, the respondent, Louis Schilhab, obtained a judgment in the circuit court for the county of Wayne, Mich., in the sum of $1,800 and costs against the petitioner and another defendant jointly. The liability incurred arose from an automobile accident, in which the machines of the two defendants collided; the petitioner's automobile being thereby deflected and in its course striking and injuring the plaintiff in the damage suit. The pleadings in the case upon which the verdict and judgment are based are devoid of allegations setting forth malicious or willful intent on the part of the petitioner herein. On February 2, 1923, the petitioner filed a voluntary petition in bankruptcy, and was on the same day adjudicated a bankrupt. The respondent's judgment was duly scheduled as a debt of the bankrupt, and the adjudication took place before any process to satisfy the judgment was issued out of the state court. On February 24, 1923, a motion to quash a writ of fieri facias issued out of the state court was denied therein, after the fact of bankruptcy was presented, and on March 9, 1923, the respondent caused a writ of capias ad satisfaciendum to be issued out of the state court against the petitioner, which process was delivered to the sheriff of Wayne county for execution. On March 12, 1923, the petitioner obtained from this court a temporary restraining order, restraining the execution of the writ until the plaintiff could show cause why, if any, an injunction should not issue. The respondent agrees that this statement of facts is substantially correct, and there is nothing before this court to further indicate the nature of the respondent's claim against the petitioner upon which he obtained his judgment in the Wayne county circuit court. Since the filing of the petition the petitioner has received his discharge in bankruptcy, and no objections to the said discharge were made on behalf of the respondent and judgment creditor Schilhab.

The only question before this court is the effect of the adjudication and the discharge of the petitioner upon the right of the respondent to enforce the judgment. The National Bankruptcy Act, section 17 (Comp. St. § 9601), provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as: * * * (2) Are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another."

It is claimed on behalf of the respondent in effect that all injuries to persons or property arising out of negligence come within the meaning of this section of the Bankruptcy Act, and are willful and malicious. Incidentally counsel for respondent contends that the record in the state court is replete with evidence showing willful and malicious dis-

regard of the rights of the respondent herein, and willful and malicious injury to his person; but as the record of the state court trial has not been produced in this proceeding, nor have any excerpts from it been here presented, I am limited in this inquiry to a determination as to whether mere negligence constitutes willful and malicious injury, within the meaning of the section of the Bankruptcy Act above quoted.

The respondent relies largely upon Ex parte Cote, 44 Am. Bankr. Rep. 43, 93 Vt. 10, 106 Atl. 519. Referring to this case, decided by the Supreme Court of Vermont, Rose, District Judge, comments in Re Wilson (D. C.) 269 Fed. 846, as follows:

"I find it difficult, however, to resist the conclusion that Congress wished to draw a hard and fast line between cases in which the bankrupt intended to do harm and those in which no such intention existed."

And he calls attention to the language of the Supreme Court of the United States in Tinker v. Colwell, 193 U. S. 489, 24 Sup. Ct. 510, 48 L. Ed. 754:

"One who negligently drives through a crowded thoroughfare, and negligently runs over an individual, would not, as we suppose, be within the exception."

It may be said in passing that Judge Rose, since the decision above cited, has been made a Circuit Judge, and is the author of a recognized standard work on Federal Jurisdiction and Procedure.

In the case of Johnston v. Bruckheimer, 22 Am. Bankr. Rep. 242, 133 App. Div. 649, 118 N. Y. Supp. 189, decided by the Appellate Division, Supreme Court of New York, it was said:

"There are torts which would not be of such a nature as to involve malice, as, for instance, negligently running over a person in the public streets."

Whatever difference of judicial opinion there may have been as to whether a judgment for negligent injury is dischargeable in bankruptcy, the weight of authority now appears to be that the judgment can be proved and is discharged. Ex parte Harrison (D. C.) 272 Fed. 543; In re Putnam (D. C.) 193 Fed. 464; Ex parte Margiasso (D. C.) 38 Am. Bankr. Rep. 524, 242 Fed. 990; In re Madigan (D. C.) 254 Fed. 221.

In an unreported case in this district, In the matter of Henry P. Hill, bankrupt, November 18, 1915, Tuttle, District Judge, held in a similar case that, where it was not claimed on the trial that there was any willful and malicious injury, and no damages were claimed for such injury, a tort judgment was a dischargeable debt; that the driving of an automobile along the public highway is not in itself a wrongful act, and the very fact that the jury found the defendant guilty of negligence shows that there was no intention to injure.

The prayer of the petition will be granted, and an injunction will issue, restraining the service of process to enforce the judgment in favor of the respondent obtained in the Wayne county circuit court.