HARRY T. BELSEY, Plaintiff, *v.* ALFRED M. DEVERAUX, Defendant.

Supreme Court, New York County, January 9, 1934.

*Jacob W. Kahn,* for the petitioner.

*Edward Friedman,* for the respondent.

COLLINS, J. This motion presents the interesting question whether on the application of a bankrupt judgment debtor for the discharge of the judgment under section 150 of the Debtor and Creditor Law, the court to which the application is addressed is bound by the judgment and may not go behind it, or whether it is empowered to inquire into the facts upon which the judgment was predicated to determine if the debt is one dischargeable by the bankruptcy, and if it may so examine, whether the debt here involved is dischargeable.

Harry T. Belsey sued Alfred E. Deveraux in this court on two causes of action, the first for false imprisonment, the second for malicious prosecution. In the former he recovered a judgment for $500 and in the latter for six cents. Thereafter, Deveraux bankrupted; the $500 claim was scheduled; Deveraux obtained his discharge. He now proceeds under section 150 of the Debtor and Creditor Law for an order directing that the $500 judgment be canceled and discharged of record.

Concededly, the six-cent judgment for malicious prosecution is not dischargeable. Admittedly, too, the $500 judgment for false imprisonment is *prima facie,* at least, dischargeable. Belsey insists, however, that the false imprisonment was willful and malicious and that, accordingly, the judgment therefor is not dischargeable. Deveraux counters by urging that malice was an essential ingredient in the malicious prosecution action but not in the cause for false imprisonment and that, although in the latter malice was alleged, it

was not a necessary element and that recovery therein could have been had without the presence of express malice. (*Marks* v. *Townsend*, 97 N. Y. 590.)

" A proceeding by a bankrupt to be discharged from judgments rendered against him is a special proceeding wherein findings are appropriate. (*Guasti* v. *Miller*, 203 N. Y. 259, 262.)" (*Matter of Abelove*, 138 Misc. 241, 242.) The application to cancel not only contemplates but requires a " hearing." (Debtor & Creditor Law, § 150.)

It would seem, therefore, that the court, in determining the application, is not acting perfunctorily. It may investigate the facts which form the basis of the judgment. (*Wood* v. *Fisk*, 215 N. Y. 233.)

Section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides: " a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as * * * for willful and malicious injuries to the person or property of another."

" The words ' willful and malicious injuries to the person or property of another ' in section 17 do not necessarily connote ill will or special malice. A wrongful act done intentionally without just cause or lawful support is sufficient." (*Bank of Williamsville* v. *Amherst Motor Sales, Inc.*, 234 App. Div. 261.)

In *McIntyre* v. *Kavanaugh* (242 U. S. 138) it was held: " In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. A wilful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception. It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient, citing *Commonwealth* v. *Williams*, 110 Mass. 401. We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor and not a malicious wrongdoer that was to be discharged."

In *Tinker* v. *Colwell* (193 U. S. 473, 485) it was observed: " In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that

the cause of action be based upon special malice, so that without it the action could not be maintained.  *  *  *

" Malice in common acceptation, means ill will against a person but in its legal sense it means a wrongful act, done intentionally without just cause or excuse."

In *United States* v. *Reed* (86 Fed. 308), commenting on the exception, it was held: " It might be conceded that the language of the exception could be so construed as to make the exception refer only to those injuries to person or property which were accompanied by particular malice, or, in other words, a malevolent purpose towards the injured person, and where the action could only be maintained upon proof of the existence of such malice.   But we do not think the fair meaning of the statute would thereby be carried out."

A recital of the facts underlying Belsey's two actions against Deveraux sustains Belsey's position that the arrest and the prosecution constituted a willful and malicious injury within the meaning of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) against which the discharge is inoperative.

As the manager of a restaurant, Belsey loaned a customer twenty-five dollars on the security of a stereopticon, with the understanding that the customer was to return the following day and repay the loan.   On the customer's failure to reappear, Belsey examined the stereopticon and finding thereon the name of Deveraux View Company went to that company's place of business in an endeavor to elicit information concerning the customer who left the stereopticon in his custody.   Deveraux was not then present but Belsey left his name and address and telephone number with the woman in charge of Deveraux's office, so that Deveraux might communicate with him.   Without a search warrant and in violation of section 8 of the Civil Rights Law, Deveraux entered Belsey's home and in an inexcusably officious manner hauled Belsey to a police officer and charged him with a felony.   After Belsey was confined to prison and he gave $1,000 bail and paid a lawyer $100 for representing him in the Magistrate's Court, Deveraux withdrew his complaint.

The entire proceeding was fraught with malice and willfulness within the holding of the above cases.   That Belsey never intended to steal the stereopticon was apparent.   He was willing and offered to give it to Deveraux on condition that the latter give him a receipt for it, but instead of Deveraux complying with this reasonable request, he had Belsey thrown into prison.

Not only was Belsey wholly innocent of a felony, but there was no reasonable ground for suspecting his guilt.   His arrest was violative of Belsey's elementary rights; it was attended with a

heedless and reckless disregard of those rights, amounting to malice. That the circumstances of the arrest evoked the resentment and outraged the sensibilities of this court is attested by the record in the civil suit.

After the withdrawal of the charge, Belsey commenced the two actions above mentioned. In the complaint the false imprisonment is alleged to have been malicious. The case was tried without a jury. In giving Belsey judgment for $500 in the first cause and six cents in the second, the trial judge said: " I am of the opinion that the plaintiff is entitled to recover damages for malicious prosecution, but the amount already awarded plaintiff is enough to properly compensate him for the injuries received. I hereby, pursuant to stipulation, direct a verdict in favor of the plaintiff and against the defendant for six cents damages. * * *

" The entry into plaintiff's home and his arrest and confinement were all without a search warrant or other legal process and in direct violation of article 2, section 8, of the Civil Rights Law, and an unlawful invasion of the rights of the plaintiff (*Condron* v. *Carr*, 156 App. Div. 658), and the situation is aggravated by the fact that the present defendant had the information voluntarily furnished to him by the present plaintiff, upon which he might have procured a search warrant that would have protected him afterwards. People who voluntarily try to restore stolen property to its rightful owner should be encouraged in their good conduct and not arrested without a warrant or other legal process and summarily imprisoned and put to the expense of defending themselves."

Belsey now well says: " The fact that the judgment for $500 was not given on the malicious prosecution action and six cents on the malicious false imprisonment action merely came about because the malicious false imprisonment action was by chance alleged as the first cause of action and the malicious prosecution action was the second in deponent's complaint. Had the causes of action been reversed in that the malicious prosecution action had been asserted as the first cause of action and the malicious false imprisonment action had been asserted as the second cause of action, the court would then have found the $500 on the malicious prosecution action and six cents on the malicious false imprisonment action."

Although Deveraux relies upon *Johnston* v. *Bruckheimer* (133 App. Div. 649), that case is an authority upholding Belsey's position. There the court said (at p. 652): " In the complaint, which is a part of this record, there is no allegation of malice * * * We must hold that the judgment followed the complaint * * * If, therefore, malice is not an ingredient of the cause of action for false imprisonment, if it is not alleged in the complaint, I do not see how

a judgment upon such a complaint and for such a cause of action can be held to be a liability for willful and malicious injury to the person of another." Belsey's complaint alleged malice, thus bringing it within the purview of the *Johnston* case.

Satisfied that the $500 judgment here sought to be discharged was based upon a willful and malicious injury to Belsey, the conclusion is inescapable that the judgment is not dischargeable; consequently, the motion must be denied. Submit findings in accordance herewith.