LEO J. WALLENSTEIN, Appellant, *v.* ARTHUR ROSENBAUM, Respondent.

First Department, June 8, 1934.

*Sol M. Selig*, for the appellant.

*Nathan Feldman*, for the respondent.

GLENNON, J.   This is an appeal from an order of Special Term dismissing plaintiff's complaint and the judgment entered thereon, upon the ground that the plaintiff has failed to state facts sufficient to constitute a cause of action.

The complaint contained two causes of action, the first, for false arrest, and the second, for malicious prosecution.

For the purpose of this appeal only, we can assume the following allegations are true: The defendant was employed by the plaintiff as a statistician to prepare and furnish him with " whatever statistical data " plaintiff required in his business.   During the course of his employment the defendant missed certain of his property, which consisted of five leather folders, a brief case and portfolio, and some data.   He claimed the missing property was of the value of over

$500. On December 31, 1932, defendant charged the plaintiff with the crime of grand larceny in the first degree, based upon the alleged theft of the property described; and, upon the refusal of a police officer, who was present, to place the plaintiff under arrest, the defendant personally took him into custody. Plaintiff was taken to a police station where he was booked on a charge of grand larceny, fingerprinted, and later brought before a city magistrate for arraignment. The magistrate held the plaintiff in $1,000 bail upon the written complaint of the defendant.

On the 18th day of January, 1933, a hearing was held. Defendant is claimed to have falsely testified under oath as to the commission of the alleged crime of grand larceny. Upon the hearing the defendant admitted under oath that he was employed by plaintiff, and that some of the statistical data prepared for plaintiff was among the property alleged to have been stolen. He admitted that he did not see the plaintiff take his property, and also that on the day prior to the arrest he and his attorney were notified by the plaintiff's attorney that the missing property had been found, and that arrangements were made for the defendant to call and receive his property. He further testified that he appeared at the plaintiff's office on the following morning and found all of his property intact. Despite all this, he nevertheless arrested the plaintiff.

The police officer testified that he made a preliminary investigation on the 29th day of December, 1932, at the request of the defendant, and had reported to him that he found no evidence which would justify the arrest of the plaintiff on the charge of grand larceny, and, further, that he was present at the office of plaintiff on the morning of December 31, 1932, when the defendant examined his property and found it intact. Notwithstanding this evidence, the magistrate refused to dismiss the complaint. Instead, he reduced the charge to petit larceny and held the plaintiff under bail in the sum of $100 for the Court of Special Sessions. In due course a trial was had before the Court of Special Sessions. At the close of the People's case the information was dismissed and the plaintiff was discharged.

The allegations in the cause of action for false arrest, and the cause of action based upon the theory of malicious prosecution, were practically identical. We believe the court at Special Term erred in dismissing the complaint for insufficiency as to both causes of action.

In the first place, a private citizen may personally arrest, only (1) for a crime committed or attempted in his presence, or (2) when the person arrested has committed a felony, although not in his presence. Since the value of the property did not exceed the sum of $500 as

the plaintiff charged, but in fact amounted to less than $100, which is only a misdemeanor, and it was not even claimed that it was committed in his presence, the defendant was not authorized by the statute to make an arrest without a warrant.

The authorities are uniform in holding that a cause of action for false imprisonment accrues whenever a person is arrested and detained by one not an officer, acting without a warrant, when no crime has in fact been committed by him no matter with what good faith the party who caused the arrest acted. (*McLoughlin* v. *N. Y. Edison Co.*, 252 N. Y. 202; *Johnston* v. *Bruckheimer*, 133 App. Div. 649; *Snead* v. *Bonnoil*, 166 N. Y. 325.)

Thus, upon the facts alleged in the complaint, the plaintiff's cause of action for false imprisonment is sufficient in law.

The cause of action for malicious prosecution is also properly stated in the complaint. It is true that the holding of an accused by a magistrate after an examination into the facts is *prima facie* evidence of probable cause for the prosecution. However, in the recent case of *Graham* v. *Buffalo General Laundries Corp.* (261 N. Y. 165) it was held that plaintiff may overcome that presumption by pleading appropriate facts to show that there was no probable cause.

In *Burns* v. *Wilkinson* (228 N. Y. 113, at p. 115) ANDREWS, J., said: " Assuming as we must, therefore, the truth of the plaintiff's story, giving him the benefit of all the inferences to which a jury might say he is entitled and resolving all disputed points in his favor, we must determine whether this conclusion was justified, or whether there was involved a question of fact.

" ' The propriety of defendant's conduct in causing him to be indicted is to be decided by the facts as they appeared to be at the time the prosecution was instituted, and the question is whether these facts as they then appeared were such that a discreet and prudent person would have been led to the belief that the accused had committed the crime with which he was charged. If defendants had knowledge of facts actual or apparent strong enough to justify a reasonable man in the belief that they had lawful grounds for prosecuting the plaintiff in the manner complained of, then probable cause was present and this action will not lie.' (*Rawson* v. *Leggett*, 184 N. Y. 504, 511.) What facts then were present in Mr. Wilkinson's mind when he made this charge? "

Would a discreet and prudent person have been led to the belief that the plaintiff had committed the crime of which he was charged by the defendant? If not, then no probable cause existed.

This case cannot readily be distinguished from that of *Burns* v. *Wilkinson* (*supra*). There the plaintiff was held for the grand jury, indicted upon defendant's testimony, and subsequently

acquitted. Here, the plaintiff was held for the Court of Special Sessions, an information was filed against him based upon defendant's complaint and testimony in the Magistrate's Court, and he was subsequently acquitted.

Under all the circumstances, we have reached the conclusion that the plaintiff alleged facts sufficient to make out a cause of action both for false arrest and malicious prosecution.

The order and judgment should be reversed, with costs, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs.