**RIEGEL v. HYGRADE SEED CO., Inc., et al.**

**No. 1139.**

District Court, W. D. New York.

Oct. 13, 1942.

Margiotti, Pugliese & Casey, of Pittsburgh, Pa. (Norman C. Hise, of Buffalo, N. Y., of counsel), for plaintiff.

Milton A. Bissell, of Jamestown, N. Y., for defendants.

KNIGHT, District Judge.

This is a suit to recover damages for the alleged unlawful and malicious arrest and detention of the plaintiff. It is claimed that the defendant Hygrade Seed Company and the defendant George Ostrander in or about the month of September, 1940, directed an employee, one Warren O'dell, to make a complaint before a Justice of the Peace in Pennsylvania charging this plaintiff with the commission of a crime of obtaining money under false pretenses and fraudulent conversion; that this charge was made maliciously and without reasonable or probable cause; that thereafter the plaintiff was arrested, taken into custody, imprisoned and restrained of his liberty; that a hearing was had upon the complaint and he was exonerated and discharged from all liability; that at the time when this plaintiff was produced for trial on the charge aforesaid the defendants knew the plaintiff was innocent; that the institution of the criminal proceedings aforesaid were made without reasonable or probable cause, and recklessly and maliciously and with intent to embarrass, intimidate and discredit the plaintiff in his profession or calling and that plaintiff was injured in his business and calling, humiliated, and was caused to suffer great mental and bodily distress; and plaintiff has incurred certain expenses.

Defendants now move to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action for false imprisonment.

In the brief on behalf of the defendants, it is stated that "The general rule is that where a person is arrested or imprisoned by virtue of proceedings which are regular in form but not justified by the real facts, the remedy is malicious prosecution and not false imprisonment."

The contention of the defendants, therefore, is that this action is for false imprisonment. It is asserted that in the State of Pennsylvania, where this charge was laid, that the requisites of false imprisonment are detention of the person and unlawfulness of such detention. The brief also states that "In an action for false imprisonment, the only inquiry is whether the deposition pursuant to which the warrant was issued was sufficient to. confer jurisdiction." Obviously this last statement is incorrect in so far as it relates to one who made the complaint upon which such warrant of arrest was issued. Numerous cases cited by the defendants are those in which actions are brought against the officer who issued the warrant. In such instances, if the complaint or affidavits on which the warrant was issued sufficiently set forth the crime charged, the officer issuing the warrant is not liable for false imprisonment, unless it were to be shown that he acted knowing the facts to be insufficient. This rule is well stated in Gilbert v. Satterlee, 43 Misc. 292, 88 N.Y.S. 871, 872, cited by the defendants, in which an action for false imprisonment was brought against the Justice who issued the warrant. The court there said:

"This being an action for false imprisonment, the only inquiry is whether the deposition in pursuance of which the warrant was issued was sufficient to give the justice jurisdiction. If jurisdiction was conferred to issue the warrant, this action is not maintainable, even though the justice may have erred in judgment, or if in the subsequent proceedings before him, it may have transpired that no crime had in fact been committed."

This case cites Swart v. Rickard, 148 N.Y. 264, 42 N.E. 665, also cited by the defendants herein. As regards this statement of law, there certainly can be no doubt. Again, quoting from the defendants' brief, it is said: "False imprisonment is a trespass committed by unlawful arrest and imprisonment. If the imprisonment is under legal process but the action has been begun and carried on maliciously and without probable cause, the wrong is malicious prosecution."

Malicious prosecution is defined as "malicious prosecution * * * for the recovery of damages to person, property, of reputation, shown to have approximately resulted from a previous civil or criminal proceeding, which was commenced or continued without probable cause, but with malice, and which has terminated unsuccessfully." 38 C.J., p. 383. We agree that malicious prosecution is distinguished from prosecution for false imprisonment. The distinction between the two charges, is often not readily discernible. False imprisonment is defined as consisting of "unlawful restraint against his will of an individual's personal liberty or freedom of locomotion. The gist of false imprisonment is unlawful detention." 25 C.J., p. 443. It is also defined as "Any intentional detention of the person of another not authorized by law. It is any illegal imprisonment without any process whatever, or under color of process wholly illegal, without regard to the question whether any crime has been committed, or a debt due." McCaskey v. Garrett, 91 Mo.App. 354. Every illegal confinement of a person is an imprisonment for which an action for false imprisonment will lie, though a warrant may never have been served. "Although not always observed, the distinction between malicious prosecution and false imprisonment is' fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceeding favorably to plaintiff, whereas in false imprisonment the allegation of want of probable cause is not essential, and the burden is on defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be malicious but it cannot be false." 25 C.J., p. 444. Where there is a valid or

apparent authority to arrest, the remedy is by suit for malicious prosecution.

■ The complaint here has all the allegations sufficient to maintain a charge for malicious prosecution. As pointed out, the allegations that the defendants "maliciously and without reasonable probable cause authorized and directed" an individual to make the complaint against the plaintiff; that as a result thereof the plaintiff was arrested and held in custody, and that action was taken by the defendants to compel his retention in custody; and that the institution of the criminal proceedings "were made without reasonable or probable cause and were made recklessly and maliciously with intent to embarrass, intimidate and discredit the plaintiff." It is true in this last quoted statement the plaintiff refers to the institution of the criminal proceedings. But I think the word "institution" as there used is to be construed as applying to all of the proceedings had pursuant to the warrant.

■ "The distinction between false imprisonment and malicious prosecution is fundamental. They are made up of different elements, enforced by different forms of actions, are governed by different rules of pleading, evidence and damages, and are subject to different defenses." 19 Cyc. 321. "False imprisonment has been well defined to be a trespass committed by one man against the person of another, by unlawfully arresting him and detaining him without any legal authority." Addison on Torts p. 552. "Where the detention is illegal, the action will lie, without regard to the innocence of the defendant in his intentions." Snead v. Bonnoil, 166 N.Y. 325, 59 N.E. 899, 900. "All the authorities declare that neither malice nor ordinarily want of probable cause is an essential element of the right of action. If the imprisonment is lawful it does not become unlawful because done with malicious inten * * *." 19 Cyc. 319. "In an action for false imprisonment the essentials are, first, that plaintiff was arrested and detained by defendant without process; second, that plaintiff was not guilty of the offense for which he was arrested." Johnston v. Bruckheimer, 133 App.Div. 649, 118 N.Y.S. 189, 191. It seems reasonable here that this is an action for malicious prosecution and not false imprisonment.

■ The defendants here also move for a Bill of Particulars under Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The question is whether the particulars sought are necessary to enable defendants to answer. Submitted with this motion is the affidavit of the defendant Ostrander in which there is purported to be detailed the proceedings on account of which this action has been brought. His affidavit must be considered in determining the question of the right to particulars.

Plaintiff is asked to enumerate the persons who directed O'dell to make the complaint in question. The affidavit of Ostrander states that he himself notified O'dell "that if he had proof of the aforementioned acts" he would have the plaintiff prosecuted. This request should be denied.

■ The second request is that plaintiff state in what manner the Hygrade Seed Company, Inc., was involved in the issuance of the warrant. There is nothing in the papers before me in the instant suit to show what the relation, if any, was between Hygrade Seed Company, Inc., and Best Seed Company, Inc. The plaintiff should state what the relation, if any, with Hygrade Seed Company was to the Best Company, Inc.

Defendant asks that the plaintiff state by whom he claims O'dell was employed at the time of plaintiff's arrest. Again, referring to the Ostrander deposition, he stated that O'dell was employed by the Best Seed Company, Inc. Plaintiff need not, therefore, answer this interrogatory.

Plaintiff is asked to state the disposition of the criminal charge. This, likewise, is shown, at least as contended by the defendants, by the papers submitted on this motion by them. Obviously there could be no sense in requiring the plaintiff to answer this question.

Plaintiff is asked to state whether he was ever charged with theft of money from Hygrade Seed Company, Inc. The facts as claimed by the defendants are set forth in the aforesaid deposition. It, therefore, is unnecessary for plaintiff to answer this question in order to enable the defendants to plead.

■ The plaintiff should be required to state the expenses incurred and to be paid.

Plaintiff is asked to state the disposition made of moneys collected by him and belonging to the Best Seed Company. In view of the deposition aforesaid, the answer

is unnecessary to enable the defendants to plead.

 Plaintiff need not itemize his damages alleged in paragraph 18.

Following the joinder of issue the defendants, if so advised, may further inquire concerning these matters through interrogatories or by discovery.

 Plaintiff is asked to state whether the alleged liability of Ostrander is based on his individual acts or as agent of the corporation and if the latter, what corporation. This answer should not be required.

Plaintiff is also asked to state who authorized him to collect moneys belonging to the Best Seed Company and by whom plaintiff was employed at the time said collections were made. Again referring to deposition of Ostrander, it is apparent that defendants do not need these particulars to enable them to answer. As hereinbefore pointed out, the information, if material, may be sought through interrogatories or by discovery.

The motion to dismiss the complaint is denied.

The motion for interrogatories is allowed in the respects hereinbefore set forth and denied in the respects hereinbefore set forth.