ARTHUR FELLER, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 32039.)

Court of Claims, February 11, 1955.

*Hymen Knopf* for claimant.

*Jacob K. Javits, Attorney-General (Quentin E. Grant* of counsel), for defendant.

SYLVESTER, J. In this malicious prosecution case it is alleged that the State's representative of the Division of Unemployment Insurance of the Department of Labor charged the claimant in an information filed in the City Court of the City of Newburgh

with violation of the provisions of paragraph (a) of subdivision 1 of section 632 of the Labor Law (Unemployment Insurance Law), for willfully making false representations that he was totally unemployed on the several days set forth in the information. The record of the criminal trial is in evidence. Upon claimant's arraignment in the Newburgh court, the defendant pleaded not guilty and his counsel moved to dismiss the information for insufficiency, contending that, as a matter of law, one who is self-employed is not employed within the meaning of the Labor Law so as to preclude him from the benefits of unemployment insurance. The court, after a consideration of the briefs that were later submitted at its direction, denied the motion, stating: " Upon the unexplained and uncontradicted factual showing herein the Court is satisfied that the defendant was not in a state of ' total unemployment ' at the time of his certifying himself as such." The court was of the view that self-employment necessarily negatives the total lack of any employment. Subsequently, the defendant was tried for the alleged violation and found not guilty by the jury.

The basic facts can hardly be disputed. By his own statements in writing, claimant represented that he was unemployed; that he asked for and received unemployment benefits in the sum of $960. He explained his failure to disclose the fact that he and his wife were operating a summer hotel enterprise during the time he had claimed to be unemployed, by saying that no inquiry was made regarding his self-employment — an attitude that may, at least, suggest a lack of candor on his part.

To effect a recovery in this action, claimant must establish that the charge was made with malice and without probable cause. " A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure " (*Burt* v. *Smith*, 181 N. Y. 1, 5).

It is pertinent, then, to ascertain here whether (1) there was an absence of probable cause to believe in the success of the prosecution and (2) whether it was maliciously inspired. If the complainant, in good faith, concluded that self-employment did not come within the definition of unemployment, then it may not be said that there is want of probable cause to prosecute and this would be so even if his conclusion were wrong. (*Wallenstein* v. *Rosenbaum*, 241 App. Div. 374; *Burns* v. *Wilkinson*, 228 N. Y. 113.) In the *Burns* case it was said (p. 115): " ' The propriety of defendants' conduct in causing him to be indicted is to be decided by the facts as they appeared to be at the time

the prosecution was instituted, and the question is whether these facts as they then appeared were such that a discreet and prudent person would have been led to the belief that the accused had committed the crime with which he was charged. If defendants had knowledge of facts actual or apparent strong enough to justify a reasonable man in the belief that they had lawful grounds for prosecuting the plaintiff in the manner complained of, then probable cause was present and this action will not lie.' '' It is then appropriate to ask '' was the complainant justified in making the charge? '' '' Would a discreet and prudent person have been led to the belief that claimant had committed the crime with which he was charged? '' (*Burns* v. *Wilkinson, supra,* p. 115.) A consideration of the authorities persuades the further view that the complainant was not in error in his belief that claimant, by reason of his self-employment, enjoyed an employment status repugnant to a grant of unemployment benefits. Section 522 of the Labor Law as amended by chapter 720 of the Laws of 1953, reads: '' ' Total unemployment ' means the total lack of any employment on any day. The term ' employment ' as used in this section means any employment including that not defined in this title.''

In *Matter of Emery (Corsi)* (281 App. Div. 426, 427–428), it was said: '' Self-employment is clearly work for profit; one who is self-employed is engaged in employment within the meaning of section 522 and he cannot claim any unemployment insurance benefits.'' On the facts of the instant case, it appears that there was ample justification for the prosecution of the claimant by an alert State official who was made aware that unemployment benefits had been collected by one who was currently engaged in a substantial enterprise which he owned together with his wife and which they were both operating as a going business. The evidence shows also that, before applying for unemployment insurance benefits, claimant had sold his stock interest in a corporation engaged in the cosmetics business in New York City, for $10,000.

In any event, the facts here overwhelmingly disclose that there was probable cause and an absence of malice accompanying the charge. Accordingly, judgment is directed in favor of the State dismissing the claim.